## W. V. LAURAINE, ADMINISTRATOR, v. CHAS. E. ASHE ET AL.

### No. 2794.　Decided February 7, June 27, 1917.

**1.—Receiver—Administration—Jurisdiction.**

The District Court which had, through a receiver, taken into possession property of a defendant for preservation pending an action by plaintiff for foreclosure of liens thereon and for adjustment of the respective rights of various other claimants of incumbrances against it, did not lose jurisdiction of such cause nor its right to the continued possession of the property by the subsequent death of defendant and the appointment of an administrator upon her estate.　(P. 74.)

**2.—Same—Action—Death.**

As to claims in suit at the time of the death of defendant, the action does not abate on his death; the administrator may be made a party and the suit prosecuted to judgment. If the action be for foreclosure of liens, no new proceeding therefor in the probate court is necessary; but the judgment must ordinarily be certified to that court for enforcement.　(P. 74.)

**3.—Same—Possession.**

When a court of equity, in a cause of which it has jurisdiction, takes possession of property through a receiver, it is withdrawn from the jurisdiction of all other courts, and the power to continue the receivership as a means of aiding it continues so long as the jurisdiction does.　(P. 74.)

**4.—Same—Case Stated.**

On an original application to the Supreme Court, by an administrator, for mandamus requiring a District Court to vacate a receivership of the property of decedent, this having been taken into possession in the lifetime of decedent in an action brought against her and another to foreclose judgment liens and to determine the respective rights of various intervening lien claimants against the property, it not appearing that the issues as to plaintiff, defendants, and interveners had yet been there determined, it is held that jurisdiction over the cause and the rightful possession of the property as incident thereto was still in the District Court, notwithstanding the death of defendant and the appointment of an administrator, and the writ of mandamus must be refused.　(Pp. 72-77.)

**5.—Administration—Possession.**

The statute (Rev. Stats., art. 3235) gives to an administrator right to possession of the estate only "as it existed at the death of the intestate."　(P. 75.)

**6.—Administration—Equity Jurisdiction.**

The equity jurisdiction of the District Court is conferred in as broad terms as the probate jurisdiction of the County Court. Though the latter is often spoken of as exclusive, where the powers of that court are inadequate, as in the adjustment of equities, resort may be had to the equity powers of the District Court for their determination, the judgment to be enforced through the probate court. (Pp. 75, 76.)

**7.—Jurisdiction—Enforcement of Judgment.**

Whether in this case the judgment of the District Court, not yet rendered, would be of such a character as to require that it be certified to the probate court for enforcement, is not here determined. (Pp. 77, 78.)

Original application to the Supreme Court for writ of mandamus to require the District Court to vacate a receivership.

*Cooper & Merrill* and *Jno. G. Tod,* for relators.—The jurisdiction of the County Court over the estate, and right to its possession, are exclusive. Constitution, art. 5, sec. 16; Rev. Stats., art. 3206; Messner v. Giddings, 65 Texas, 301; Franks v. Chapman, 61 Texas, 576; Timmins v. Bonner & Long, 58 Texas, 557; Murchison v. White, 54 Texas, 83; Low v. Felton, 84 Texas, 378; Wilkinson v. McCart, 116 S. W., 400; Buchner v. Wait, 137 S. W., 383; McCorkle v. McCorkle, 25 Texas Civ. App., 149, 60 S. W., 434; Dulaney v. Walsh, 37 S. W., 615; Scott v. Royston (Mo.), 123 S. W., 454; Allen v. Von Rosenberg, 16 S. W., 1096; Kennedy v. Pearson, 109 S. W., 280.

As against such exclusive jurisdiction, that of a court of equity which has taken into its hands the subject matter and possession of the property by a receiver does not apply. In re Watts, 190 U. S., 1; In re Maplecroft Mills, 218 Fed., 659; Bank of Andrews v. Gudger, 212 Fed., 49; In re Mason Sash, Door & Lumb. Co., 112 Fed., 323; In re Colvin, 3 Md. Ch., 300; Henry v. Kaufman, 87 Am. Dec., 591, 24 Md., 1.

The District Court has no authority to enforce judgment except through the probate court. Rev. Stats., art. 3450; Porter v. Sweeney, 61 Texas, 213; Smithwick v. Kelly, 79 Texas, 564.

The Supreme Court will issue mandamus against a district judge to compel the performance of a clear legal duty when there is no other adequate remedy. Constitution, art. 5, sec. 3; Rev. Stats., art. 1526; Terrell v. Greene, 88 Texas, 539; Bank v. Connor, 172 S. W., 1106; Casey v. Bell, 133 S. W., 478; Texas Tram Lumb. Co. v. Hightower, 100 Texas, 126; Cox v. Hightower, 47 S. W., 1048; Schultze v. McLeary, 73 Texas, 92; Sansom v. Mercer, 68 Texas, 488.

The Supreme Court, on application for mandamus, has a right to review the decision of the trial court on such question. Terrell v. Greene, 88 Texas, 539; Kleiber v. McMannus, 66 Texas, 48; Lloyd v. Brinck, 35 Texas, 6; Ex parte Schollenberger, 96 U. S., 374; Schintz v. Morris, 35 S. W., 516; Matter of Ford, 160 Cal., 334.

No appeal lay from the order of the trial court refusing to vacate the receivership, and there was no remedy other than mandamus. Rev.

Stats., arts. 2078, 2079; Thorne v. Moore, 101 Texas, 205; Fidelity Funding Co. v. Hirshfield, 91 S. W., 246; T. & O. Lumb. Co. v. Applegate, 114 S. W., 1160; Maund v. Davidson, 123 S. W., 228; Texas Rubber Co. v. Wilson, 137 S. W., 710; Cone v. Hudson, 139 S. W., 1167.

ON MOTION TO MODIFY OPINION.

The District Court should be permitted to execute its judgment in this case by selling the property, the powers of the probate court being inadequate for sale of the interest of both joint owners and the property such that both interests should be sold as a whole.    Robertson v. Paul, 16 Texas, 477; Stewart v. Webb, 156 S. W., 539; Frost v. Frost & Bevins, 3 Sandf. Ch., 188; Schoenwald v. Dieden, 8 Ill. App., 387.

*Atkinson, Graham & Atkinson, Williams & Neethe,* and *Gill, Jones & Tyler,* for respondent.—Whether the action of the district judge was right or wrong, it can not be controlled or reviewed by mandamus, because it was not the refusal to perform a ministerial duty, but was the judicial action of the court done in the regular exercise of jurisdiction.    Aycock v. Clarke, 94 Texas, 377; State v. Morris, 86 Texas, 226; Hume v. Schintz, 90 Texas, 72; Smith v. Connor, 98 Texas, 434; Milam County Oil & Mill Co. v. Bass, 106 Texas, 263; Churchill v. Martin, 65 Texas, 367; Grigsby v. Bowles, 79 Texas, 138; Steele v. Goodrich, 87 Texas, 401; State v. Fisher, 94 Texas, 491: Pickle v. McCall, 86 Texas, 219; Ewing v. Cohen, 63 Texas, 482.

The order of the District Court was not merely a discretionary or interlocutory one, but a final denial of the claim asserted by plaintiff, and an adjudication of that controversy from which an appeal lay. Fagan & Osgood v. Boyle Ice Mach. Co., 65 Texas, 331; Halbert v. Alford, 82 Texas, 297; Waters-Pierce Oil Co. v. State, 107 Texas, 1, 106 S. W., 326; Renn v. Samos, 42 Texas, 104; 2 Cyc., 591-595, 611-613; High on Receivers (3rd ed.), 27a.

Equity jurisdiction is granted to the District Court in terms as broad and unqualified as those in which probate jurisdiction is granted to the County Court.    Constitution, art. 5, sec. 8; Rev. Stats., art. 1705, subd. 6.

Such equity jurisdiction exists even where control of an administration of a decedent's estate has first been obtained by the County Court. The District Court may, notwithstanding pendency of administration, determine all controversies respecting the property of estates and persons interested therein to which the powers of the County Court are inadequate.    Newson v. Chrisman, 9 Texas, 113; Long v. Wortham, 4 Texas, 381; Smith v. Smith, 11 Texas, 105; Eckford v. Knox, 67 Texas, 205; Cannon v. McDaniel, 46 Texas, 310; Rogers v. Kennard, 54 Texas, 41.

Where proper protection of the rights of persons in property of estates requires such action, the District Court has power to appoint a

receiver, even pending administration, and take the property of the estate out of the hands of the legal representative.   Long v. Wortham, 4 Texas, 381; Weems v. Lathrop, 42 Texas, 207; Eckford v. Knox, 67 Texas, 205; Long v. Richardson, 26 Texas Civ. App., 197; High on Receivers, 3rd ed., secs. 716 et seq.; 34 Cyc., 61-64.

The power thus acquired over the property comprehended the decision of every claim asserted with respect to it by any party, the enforcement of every obligation for which it was liable, and the decision of every question arising with respect thereto, to the exclusion of every other court.   Wabash R. R. Co. v. Adelbert College, 208 U. S., 39; Farmers L. & T. Co. v. Lake Steel Elev. R. R. Co., 177 U. S., 61; Ellis v. Vernon Ice, L. & W. Co., 86 Texas, 109; High on Receivers, 3rd ed., sec. 837.

Death of defendant does not, in this State, abate the action, and, therefore, does not take away the power of the court.   (Rev. Stats., art. 1890.) And even in jurisdictions where death of a defendant does abate the action, death does not abate the receivership nor destroy the jurisdiction of the court.   High on Receivers (3rd ed.), sec. 471a; Nicoll v. Boyd, 90 N. Y., 516; McCosker v. Brady, 1 Barb. Ch., 329; Mathews v. Neilson, 3 Edw. Ch., 346; Whiteside v. Prendergast, 2 Barb. Ch., 471; Hawk v. Harris, 84 Am. St., 352; Smith on Receivers, 139; Johnson v. Stewart, 41 Ga., 549.

This doctrine does not conflict with the statutes of this State concerning receivers and the administration of estates.   The latter only entitles the legal representatives "to the possession of the estate as it existed at the death of the testator or intestate."   Rev. Stats., arts. 2135, 3233; Fulton v. National Bank, 26 Texas Civ. App., 115; Rogers v. Flournoy, 21 Texas Civ. App., 558; Williams v. Lumpkin, 74 Texas, 601; Huyler v. Dahoney, 48 Texas, 234; Moody v. Smoot, 78 Texas, 119; Altgelt v. Alamo Natl. Bk., 98 Texas, 252; Wilcox v. Alexander, 32 S. W., 561.


MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This proceeding has for its purpose the issuance of a writ of mendamus directing Hon. Chas. E. Ashe, judge of the District Court for the Eleventh Judicial District, to vacate as to the property of Mrs. Margaret E. Allen a receivership pending in that court and order the delivery of such property into the hands of the relator as administrator of her estate.

The receivership is an incident of a suit originally filed in the District Court of Harris County in December of the year 1908 by the First National Bank of Whitney, Texas, in the lifetime of Mrs. Allen and against her and A. C. Allen, her son.   In that suit the plaintiff asserted the ownership of a judgment against Mrs. Allen and A. C. Allen in an amount in excess of $7000, and constituting a lien upon their real estate situated in different counties in the State.   It was also there pleaded that Mrs. Allen and A. C. Allen were variously indebted to

other persons in large amounts, such indebtedness being in some in-
stances secured by mortgage liens upon their property and having in
others been reduced to judgment with the judgments operating as liens
upon their real estate; that the amounts of such indebtedness so secured
consisted largely of grossly usurious interest, causing the property to
appear encumbered for a much larger amount than the actual indebted-
ness, which tended to depreciate its value. Further, that the various
creditors of the Allens were threatening to proceed against their prop-
erty for the enforcement of their claims, through foreclosure sales, levy-
ing of execution, etc., which, if permitted would result in its sacrifice,
whereas its actual value was more than double the amount of the entire
lawful indebtedness against it; further allegations being made with
respect to the necessity for the appointment of a receiver for the preser-
vation of the property pending the establishment of the claims to which
it was lawfully subject. The prayer was for the appointment of a re-
ceiver and an order directing the presentment by all creditors of the
Allens of their respective claims for adjudication by the court; that the
court determine and adjudge the amounts really due upon such claims,
and thereafter under its direction so much of the property be sold as
should be necessary for their payment.

Upon this prayer a receiver was duly appointed. He qualified, and
took into possession certain real and personal property belonging to
Mrs. Allen and A. C. Allen for the purpose of preserving it. This
suit, with the receivership yet in force, is now pending.

Some years after all of these proceedings Mrs. Allen died. The re-
lator was appointed temporary administrator of her estate by the County
Court of Harris County and duly qualified as such. Later, he was ap-
pointed and qualified as permanent administrator. This appointment
was contested, and the contest is now pending in the District Court
on appeal, as yet undetermined, the County Court having continued the
powers of the relator as temporary administrator in the meanwhile.

Before resorting to this court the relator, as temporary administrator
of Mrs. Allen's estate, presented a motion in the District Court suit
reciting the probate action of the County Court and upon various
grounds asserting that as to the property of Mrs. Allen the receivership
should be vacated and the property delivered into his custody. This
motion was considered and overruled, the court being of the view that
since it had acquired jurisdiction of the property in the lifetime of
Mrs. Allen, it was entitled to hold the possession through its receiver.
No attempt to appeal from this order was made.

The answer to the petition for mandamus, filed by the receiver alone,
states that in the District Court suit various interventions have been
filed by creditors of Mrs. Allen and A. C. Allen, seeking the establish-
ment of debts and mortgage liens against the property held by the
receiver. It also appears that prior to the death of Mrs. Allen various
controversies were pending in relation to different claims involved in
the suit.

We are of the opinion that the writ should be refused.  As to claims in suit at the time of the death of a defendant, the action does not abate upon his death.  If administration be regularly had upon his estate, his administrator may be made a party and the suit be prosecuted to judgment, the proper practice in such cases being to certify the judgment to the probate court to be paid in the course of the administration. Art. 1888, Rev. Stats.; Boone v. Roberts, 1 Texas, 159; Low v. Felton, 84 Texas, 378, 19 S. W., 693.  Where such a suit involves liens upon property given to secure the indebtedness sued on, this is likewise the rule.  The death of the defendant pending the suit does not abate it and require, in the event of administration, a new proceeding upon the claim in the probate court.  The administrator may be made a party and the cause proceed to judgment establishing the debt, and the lien as an incident of it, the judgment to be certified to the probate court and there executed through a sale of the property.

It is furthermore essentially true that when a court of equity in a cause of which it has jurisdiction takes possession of property through a receiver, the property is withdrawn from the jurisdiction of all other courts; and so long as its jurisdiction of the cause subsists, the court has the power, whether rightfully or wrongfully exercised, to continue the receivership.  The power of the court to appoint the receiver proceeds from its jurisdiction of the cause and is an element of it.  Jurisdiction of the property lawfully acquired may be maintained and exerted as a means of aiding and completing the exercise of its jurisdiction over the cause and giving effect to its judgment upon the rights involved.  While the jurisdiction of the cause continues, therefore, the power of the court in respect to the receivership alike continues. Whether the receivership should be continued is to be governed by the necessities of the case as related to the rights of the parties.  But so long as the court maintains its jurisdiction of the cause, that is a question of judicial discretion; it is not one of judicial power.  The exercise of judicial discretion is, of course, not subject to control by mandamus.

It is apparent from the answer to the petition for mandamus that action upon some of the claims was pending in the District Court at the time of the death of Mrs. Allen.  As to none of them is the contrary made to appear from the petition.  So far as the petition reveals, these interventions, as well as the plaintiff's claim, are still pending. The death of Mrs. Allen did not abate the suit as to any of the claims asserted against her upon which action was then pending.  Nor would a permanent administration upon her estate, if finally perfected, have that effect.  As to such claims, if the administration be perfected, her administrator may be made a party and the cause proceed to judgment establishing the claims and the liens incident to them, if entitled to be established.  It is not made to appear from the petition, therefore, that the District Court has lost its jurisdiction of the cause as it related to the liability of Mrs. Allen upon any of the various claims involved.

The receivership was perfected and the District Court's jurisdiction

of the property acquired during the lifetime of Mrs. Allen. Whether the order appointing the receiver was providently made will not be inquired into here. The court had jurisdiction of the cause and the power, inherent in a court of chancery, to appoint the receiver. An error in the exercise of the power would not invalidate the order. It does not appear, as already stated, that the court's jurisdiction of the cause as related to the liability of Mrs. Allen upon the several claims is at an end. So far as the status of the different claims asserted against her is revealed by the petition, the court still has the authority to establish them as valid claims against her estate. With this jurisdiction yet subsisting, its authority to hold possession of the property involved, acquired in the lifetime of Mrs. Allen as an incident of that jurisdiction, still continues as a part of its power to hear and finally determine the cause. Nothing else could be the rule as to jurisdiction which has been lawfully acquired. Jurisdiction thus invested may be fully exerted in relation to all the subjects of it, and during its exercise can not be invaded or interfered with by other courts.

Further, the statute provides that the administrator of an estate of a decedent shall have the right to the possession of the estate "as it existed at the death of the intestate." Article 3235. This does not authorize an administrator to assume possession of property not in the possession of the decedent at the time of his death and to the possession of which he was not then entitled. This has been distinctly held, with the ruling approved by this court, in respect to property pledged by a decedent in his lifetime and lawfully in the hands of the pledgee at the time of the decedent's death. Fulton, Admr., v. Bank, 26 Texas Civ. App., 115, 62 S. W., 84. For the same reason an administrator is not entitled to the possession of property lawfully held by the District Court through its receiver at the time of the decedent's death, and in respect to which its jurisdiction is not exhausted.

In another respect it is not made to clearly appear,—as it must be before this court is authorized to issue a mandamus against the district judge,—that the jurisdiction of the District Court over the pending suit in respect to the claims asserted against Mrs. Allen, is at an end. Jurisdiction for the transaction of "all business appertaining to deceased persons, . . . including the settlement, partition and distribution of estates of deceased persons," is by the Constitution conferred upon the County Court in broad and general terms. But the equity jurisdiction of the District Court is conferred by the same instrument in terms equally broad. While it is customary to speak of the jurisdiction of the County Court over matters relating to estates of deceased persons under administration as "exclusive," and the entire current of our judicial decisions is to carefully protect the jurisdiction of that court over such matters, as it ought to be, yet it is plainly recognized that questions may arise affecting estates in regular course of administration, requiring, for illustration, the adjustment of equities, for the settlement of which the probate jurisdiction of the County Court is

inadequate, and in such cases, notwithstanding the administration, resort may be had to the equity powers of the District Court for the determination of those questions, the judgment to be performed through the probate court. This is a jurisdiction auxiliary and ancillary to that of the probate court. In some extraordinary instances it may be corrective. It is to be exercised only in special cases, but it nevertheless exists. Cannon v. McDaniel, 46 Texas, 303; George v. Ryon, Administrator, 94 Texas, 317, 60 S. W., 427; Western Mort. & Inv. Co. v. Jackman, Admr., 77 Texas, at p. 626, 14 S. W., 305; Groesbeck v. Groesbeck, 78 Texas, 669, 14 S. W., 792; Pomeroy's Eq. Jur., vol. 3, sec. 1154, pp. 2283-2294.

The petition of the relator does not disclose the nature or the status of the controversy in respect to any of the claims involved in the District Court suit. For aught we are advised issues may have arisen and may now be pending in connection with these claims for the determination of which the powers of the probate court are inadequate and its methods imperfect, and as to which, accordingly, the jurisdiction of the District Court is clear and undoubted. Upon such a showing, affording us no means for determining whether or not the District Court is in this respect exercising a lawful authority, we would not be justified in disturbing its jurisdiction by ousting its possession of property which we must assume was rightfully held by it at the time of Mrs. Allen's death and to which its equity powers may still extend.

To make our ruling plain, it is to be understood that only the probate court has jurisdiction to sell for the payment of debts the property of a decedent upon whose estate administration has been commenced or is pending. Rogers v. Kennard, 54 Texas, 30; Smithwick v. Kelly, 79 Texas, 564, 15 S. W., 486; Atchison v. Smith, 25 Texas, 228. Our holding is made with clear reference to the want of such power in the District Court. As applied to the character of case last discussed,—where, notwithstanding a pending administration, the jurisdiction of the District Court may be availed of for the settlement of questions affecting the estate which the powers of the probate court are inadequate to determine, this is also the rule. The judgment in such a case is to be performed through the probate court, and if a sale of property is necessary to its performance it must be made by that court. Cannon v. McDaniel, supra. An attempted exercise of this power by the District Court is not here involved; nor, with administration upon the estate of Mrs. Allen commenced, is it to be assumed that its exercise will be attempted. The present case concerns alone a jurisdiction which is entirely distinct from such power, and which, from aught that here appears, may be properly exercised by the District Court.

Our holding is that the District Court has the power to maintain in the suit there pending its possession of the property through the receiver until its jurisdiction over the cause is at an end; and as it is not made to appear here that that jurisdiction is exhausted, this court will not issue a mandamus to oust its possession of the property.

It is not necessary to consider the question of whether an appeal lay from the District Court's order overruling the relator's motion to vacate the receivership, supplying that as his proper remedy rather than a mandamus proceeding.

The mandamus is refused.

Opinion delivered February 7, 1917.

### ON MOTION FOR MODIFICATION OF OPINION.

In denying a mandamus to require the district judge to vacate the receivership proceeding pending in his court and deliver the property held by the receiver into the custody of the temporary administrator of Mrs. Allen's estate, it was stated in the original opinion that while the District Court had jurisdiction to establish against the estate the indebtedness set up in the suit there pending, it was, with the administration of the estate pending, without any power to direct the sale of the property.

It is urged in the motion that most of the indebtedness referred to was the joint indebtedness of Mrs. Allen and A. C. Allen, who is still living; that the mortgages upon the property involved were jointly executed by Mrs. Allen and A. C. Allen, most of the property being jointly owned by them; and that it is the right of the mortgagees to have the interests of A. C. Allen and Mrs. Allen sold together instead of separately. It is also suggested that adjustment of the rights of the Allens as between themselves will become necessary in the determination of the District Court controversy.

These and other considerations are advanced as ground for the contention that authority to sell the property is essential to the jurisdiction with which the District Court is already invested and is a necessary part of that jurisdiction. We are accordingly asked to modify the opinion in the case and to hold that the District Court has the power to cause the sale of the property if it should find that to be necessary to the adjudication and enforcement of the rights involved in the cause.

Whether the District Court has authority to sell the property was not a necessary part of the question before us in the mandamus proceeding. The only question there presented for decision was as to the right of the relator to have the district judge vacate the receivership and order the delivery of the property into his hands. What was said in the opinion in respect to the authority of the District Court to direct the sale was for the purpose of calling attention to the general rule, that the jurisdiction of the probate court to sell property of a decedent upon whose estate administration has been commenced, is exclusive; and to make it plain that our decision of the mandamus question was in recognition of that rule. That such is the general rule as affirmed in the decisions of this court is undoubted. Rogers v. Kennard, 54 Texas, 30; Smithwick v. Kelly, 79 Texas, 564, 15 S. W., 486; Atchison v. Smith, 25 Texas, 228; Cannon v. McDaniel, 46 Texas, 303.

Whether there is anything in this case as it stands in the District Court which renders it not subject to the general rule, we do not in this proceeding feel called upon to determine. The record of the cause is not before us; and this, of itself, would preclude its determination. We decline to affirm that the case is not subject to the rule, and deem it preferable that we here express no opinion upon the question. The original opinion is, therefore, modified to the extent that it indicates a holding upon the authority of the District Court in the suit there pend-ing to direct a sale of the decedent's interest in the property. The determination of the question as arising in such a case was not necessary to the disposition of the mandamus proceeding; it is left open for decision until such time as it may be properly presented. The motion is granted in part.

*Mandamus refused.*

Opinion delivered June 27, 1917.