MRS. BELLA LIPSCOMB BOYLE V. J. L. PAUL ET AL.

No. 6895.  Decided October 23, 1935.
Rehearing overruled November 20, 1935.
(86 S. W., 2d Series, 745.)

The opinion states the case.

In an appeal from an order of the trial court refusing a temporary injunction, because it has no jurisdiction to determine the matter presented, the Court of Civil Appeals has certified a question of law to the Supreme Court.

The question was referred to the Commission of Appeals, Section A, for their opinion thereon and the Supreme Court adopted same and ordered it certified in answer to the question.

*Ewing Werlein,* of Houston, and *McBride, Hamilton, Lipscomb & Wood,* of Dallas, for appellant.

Where the husband dies leaving a surviving wife who desires to occupy the house and lot used by the family as a homestead, the probate court and its administrator, in the total absence of debts enforceable against the homestead, can-

not administer it as a part of the assets of the decedent's estate, regardless of whether or not it be set aside by said court to the use and occupancy of the widow. Powell v. Naylor, 74 S. W., 338; Johnson v. Hampton, 117 Texas, 580, 8 S. W. (2d) 640; Greene v. Cass County State Bank, 7 S. W. (2d) 620.

When the husband dies the right to the widow to occupy the family homestead which vests immediately on his death is not forfeited because a short time previously she had fled her homestead and home because of threats of violence on the part of the husband. Good v. Good, 293 S. W., 621; Thomas v. Tyler, 6 S. W. (2d) 350.

*Sewall Myer,* of Houston, for appellees.

The statutes placed the property of decedent and its disposition in the exclusive jurisdiction of the county court, and the jurisdiction of the district court in matters of probate in only appellate. The right to homestead user, even though it vests immediately, is subject to the statutory method and orderly procedure therein provided for, especially where the widow is not in possession of the property. R. S., 1925, Art. 3485; Tyson v. Union Cent. Life Ins. Co., 53 S. W. (2d) 79; Harris v. Seigel, 68 S. W. (2d) 330; Sinclair Ref. Co. v. City of Paris, 68 S. W. (2d) 230; Pace v. Eoff, 48 S. W. (2d) 956.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the First District has submitted the following certificate containing a certified question. The certificate says:

"The question of law hereinafter certified arises out of the facts appearing in the record of this cause, now pending undetermined here on an appeal from the district court of Harris County, which—for the purposes of the certificate—may be restated as follows:

"This suit was brought in the district court of Harris County for injunctive relief by Mrs. Bella Lipscomb Boyle, widow of John J. Boyle, deceased, against J. L. Paul, as being now in occupancy of the premises known as 4307 Greeley Street in Houston, Texas, alleged to be her homestead and to contain her separate furniture, against Arthur F. Fisher, as Temporary Administrator of her husband's estate, and against Lewis Fisher, J. C. Nowlin, and Stanley O'Brien, as sole devisees under a will of the deceased, alleged to have been pro-

cured by them when he was incompetent to make same, the ground relied upon being that all of the defendants are wrongfully combining to prevent the plaintiff from having occupancy of her alleged homestead, as vouchsafed to her by the Constitution and the statute.

"She alleged that on the 15th day of August, 1931, she and the deceased married in Louisiana, moved and established their family homestead in the property in controversy, and that she largely furnished it with furniture previously owned by her, with gifts from her relatives, and with her earnings as a teacher. She further averred the expenditure of her earnings for its upkeep, maintenance, and the discharge of taxes against it, her husband having been idle during most of their married life and content to live on her earnings and from rental on his separate realty not used as a homestead; that although he was guilty of cruelty to her, she continued to live with him in this home until May 27, 1934, at which time he viciously assaulted her and threatened her life, whereupon she fled from the home in fear of her life, and with the intention of returning to the same under the protection of an injunction; that she filed suit for divorce, praying that the home and furniture be set aside to her and that her husband be enjoined from coming upon the premises, assaulting her, and carrying into effect his threats to kill her, and he was so enjoined; that, protected by that injunction, her attorney, and a peace officer, she then re-entered the home; that on June 22, 1934, her husband having been furnished with a pistol, he ignored such injunction and came to the home with the intent to kill her, but accidentally fell and shot himself, inflicting a serious wound; that on July 16, 1934, at a time when he lacked testamentary capacity, the defendant Lewis Fisher procured from him a will in his own favor and in that of Nowlin and O'Brien, co-defendants, wholly ignoring Boyle's wife and his blood-relatives; that on July 19, 1934, the temporary injunction, on representations that the husband had no further funds and could not longer remain at the hospital where he was convalescing from his wound and had no other place to go, was modified in such manner as to permit him to return home, whereupon the plaintiff in fear of her life and in order to get beyond his reach and that of his weapons, again fled for safety. She further alleged that on September 15, 1934, her husband committed suicide, and that the defendant Lewis Fisher, acting for himself and his co-devisees, the defendants Nowlin and O'Brien, immediately took posses-

sion and assumed dominion over this home, placing the defendant Paul in charge thereof, and that he later procured an order from the probate court appointing Arthur F. Fisher temporary administrator of Boyle's estate, pending a contest of the will brought by plaintiff and the brothers and sisters of the deceased. She alleged that the temporary administrator placed the defendant Paul in charge of this homestead and of her separate property therein, although the probate court had no jurisdiction thereof so long as she desired to occupy it or use it, and that such administrator was therefore without right to place his minion in charge of her homestead to her exclusion.

"She further averred that on October 31, 1934, she filed an application in this probate court of Harris County to have this homestead set aside to her as her own; that on November 9, 1934, the contested will was admitted to probate, and defendant Lewis Fisher was appointed executor, from which probate order she and the blood-relatives of deceased, John J. Boyle, have appealed; that at the hearing the defendants, through their attorney, and through the defendant Lewis Fisher, announced openly their intention of preventing plaintiff from occupying such home, but no hearing was given the plaintiff on her application, and on November 13, 1934, she dismissed same, and the probate court entered an order dismissing it. The plaintiff, charging that the defendants were jointly and severally acting together to deprive her of her claimed homestead, and believing that the probate court, under whose sanction they operated, was without power to administer on it, invoked herein the equity jurisdiction of the district court, further charging that she was not able to re-enter the home without violence. She also alleged her desire to occupy the homestead, and averred that she could not occupy it in conjunction with the defendants, or any of them.

"The petition contains the allegation that the alleged homestead is clear of encumbrance, not subject to the debts of the estate of John J. Boyle, deceased, and that she has no adequate remedy at law, and could not peaceably re-enter such homestead without injunctive relief from the district court.

"She prayed that a temporary injunction issue, restraining the defendants from interfering with her asserted right to the occupancy and use of their homestead, and from molesting her in the enjoyment thereof, for issuance of notice to them, and, on final hearing, that the injunction be made permanent. The petition was duly verified and sworn to by the plaintiff in person.

"The district court caused notice to issue for a hearing on November 19, 1934; the defendants, on November 26, 1934, disclaiming any purpose to submit to the district court's jurisdiction, appeared solely with a plea to the jurisdicton and in abatement, alleging that the probate court alone had jurisdiction over the property involved; and further averring in effect that plaintiff's suit was a collateral attack on the order of the probate court commanding the administrator to take and hold possession of the property. This pleading was sworn to by one of the defendants, but neither generally nor specifically denied any fact as so alleged by the plaintiff, being in hac verbis as follows:

"* * * * * * *

"The district court, sustaining the defendants' plea in both its specifications, without hearing any evidence, held on the two pleadings alone that it was without jurisdiction to determine the matter presented by the plantiff for injunctive relief; that the exclusive jurisdiction was in the county court, and refused a temporary injunction.

"On the facts stated, we ask:

"Did the trial court err in so sustaining the plea to the jurisdiction and in abatement?"

■ In reaching a decision of the question certified, it becomes proper to consider the nature and extent of the jurisdiction of the county court in respect to the estate of a deceased person, with particular regard to the facts plead in the petition of the appellant. Article 5, section 16, of the Constitution provides, among other things, as follows: "The county court shall have the general jurisdiction of a probate court; they shall probate wills * * * grant letters testamentary and of administration * * * transact all business appertaining to deceased persons * * * including the settlement, partition and distribution of estates of deceased persons * * * as provided by law." In keeping with these constitutional provisions, the legislature has enacted the following statutes, among many others, having immediate relation to the settlement of the estate of a deceased person. Article 3373 and articles following it, provide for the appointment of a temporary administrator of the estate by the county court "with such limited powers as the circumstances of the case may require." And Article 3379 provides that such functionary "shall have such rights and powers" as are specified in the order of court appointing him. It is thus seen that in respect to the estate of

a deceased person, and so far as a surviving wife out of possession is concerned, these constitutional and statutory provisions are sufficiently broad in their scope to include power in the county court to authorize the temporary administrator to take physical possession of all property belonging to the estate. The Constitution and the statutes have been searched in vain for other provisions which operate to exclude power from the county court in the last mentioned respect. It is true that section 52, Article 16, of the Constitution provides, in substance, that the homestead shall not be partitioned among the heirs of the deceased husband during the lifetime of the wife, or so long as she chooses to occupy same as a homestead, but this section of the Constitution has nothing to do with power in the county court to take such steps as are "provided by law" in respect to an administration for. the payment of creditors of the deceased husband. Spencer v. Schell, 107 Texas, 44, 173 S. W., 867. Counsel for the appellant earnestly insist, in effect, that where there are no taxes or purchase money owing on the homestead, and there is no other debt secured by a valid lien thereon, the county court has no power at all respecting the homestead. In support of this contention counsel invoke the often repeated rule, declared in the decisions, to the effect that in such a case the county court is without jurisdiction to administer the homestead. This does not mean, however, that the county court is denied authority to determine the essential facts calling for the application of the rule, such as the existence of a homestead falling within the purview of the law, and that no debts exist that are lawfully chargeable against such homestead. The very essence of the power possessed by the county court to settle the estate of a deceased person as provided by law embraces authority to determine the existence or non-existence of debts for the payment of which property belonging to the estate is liable. Without authority in this respect, the county court would be utterly incapable of settling any estate *as provided by law*. In the very case upon which counsel relies, that of Cline v. Niblo, 117 Texas, 474, 8 S. W. (2d) 633, the court definitely recognizes the existence of this authority in the following words: "We have various statutes, the effect of which is to withdraw homestead property from the jurisdiction of the probate court and deny it the power to administer the homestead estate *except where debts exist for which the estate is liable*. See generally R. S., Arts. 3485, 3488, 3493, 3494, 3495, 3496, 3498, 3499, 3500 and 3501."

■ This brings us to the question of original jurisdiction in the district court. Broadly speaking, the general equity jurisdiction of the district court extends to matters relating to the estate of a deceased person which is in process of administration in the county court. However, in no event is the infringement by the district court of the jurisdiction of the county court in such a case authorized so long as adequate relief is available there. Lauraine v. Ashe, 109 Texas, 69, 191 S. W. 563, 196 S. W., 501. In the present instance, the county court, having full control of the temporary administrator, is capable of affording appellant all the relief, during the pendency of such proceeding, as the circumstances of the case require. This being the case, it would be improper for the district court to interfere in the regular process of administration in the other court. Granting that the provision contained in section 8, Article 5, of the Constitution, which invests the district court with original jurisdiction over executors and admnistrators, extends to temporary administrators, still that would not include authority to forestall the determination, by the county court in regular course, of the fact that debts do or do not exist which are properly chargeable against property belonging to the estate.

It seems to be tacitly conceded by counsel that the personal property claimed by appellant as her separate property is not of sufficient value to give the district court jurisdiction of such claim, therefore we do not take such claim into consideration in reaching a decision. The certified question is answered "No."

Opinion adopted by Supreme Court October 23, 1935.

Rehearing overruled November 20, 1935.