### CONNOR BROTHERS V. ROBERT WILLIAMS ET AL.

No. 6981.  Decided January 19, 1938.
(112 S. W., 2d Series, 709.)

*King, Mahaffey, Wheeler & Bryson,* of Texarkana, *C. E. Bryson,* of Houston, and *Henderson & Bolin,* of Daingerfield, for plaintiffs in error.

The deed of trust having been executed for the purpose of securing the payment of a promissory note, the transferees of said note and deed of trust had the right, upon the default in the payment of said note, to request the trustee to sell the land described in said deed of trust. Todd v. Bemis, 158 S. W. 182; Southland Lbr. Co. v. Boyd, 244 S. W. 119; 41 C. J. 945, Sec. 1308.

There being no proof that defendants, as mortgagees, entered upon said land unlawfully, and there being evidence to show that they were in possession at the time of the suit and the debt being a valid debt, they should have been permitted, even if the trustee's deed was invalid, to pursue the alternative remedy of foreclosure on the failure of the mortgagors to pay the debt. Elliott v. Slaughter Co., 236 S. W. 1114; Duke v. Reed, 64 Texas 715, 1 Jones on Mortgages (6th ed.) 726.

*J. A. Ward,* of Mount Pleasant, for defendant in error.

The district court would have no power to order the sale of property covered by a lien to secure a claim against an estate, which claim has been presented to the executor and approved by the probate court, but should certify its order to the probate court for execution, unless the claim to the property on which the lien existed was by some person over whom the probate court had no jurisdiction, or unless equities existed in favor of claim-

ant which the probate court had no jurisdiction to determine. Gregory v. Ward, 118 Texas 526, 18 S. W. (2d) 1049; Laubhan v. Peoria Life Ins. Co., 129 Texas 225, 102 S. W. (2d) 399.

*Synnott & Smith,* of Jasper, *Geo. T. Burgess,* of Dallas, and *Raymond Edwards,* of San Antonio, filed briefs as amici curiae.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Robert Williams, as administrator of the estate of Steve Williams, and the other defendants in error sued Connor Brothers, plaintiffs in error, for the title and possession of a tract of land containing 100 acres in Titus County. The district court's judgment awarding to plaintiffs in error an undivided 907/1025 interest and to defendants in error an undivided 118/1025 interest in the land was reversed by the Court of Civil Appeals and judgment rendered in favor of defendants in error for the title and possession of the entire tract of land. 83 S. W. (2d) 692.

The important facts, which are undisputed, are thus stated in the opinion of the Court of Civil Appeals:

"The land was community property of Steve and Minnie Williams. The latter died August 18, 1920. On February 22, 1921, Steve Williams, as the community survivor, conveyed the land in trust to John M. Henderson to secure Williams' note for $1,025.00 in favor of J. C. Tidwell & Co. Of said sum $907.00 was a community debt, and the balance of $118.00 was a debt incurred by Williams after the death of his said wife. At a later date Williams married again. * * *

"Connor Brothers later acquired the note and lien. Successive renewals of the note were duly executed, the last renewal extending maturity to November 1, 1928.

"Steve Williams died September 23, 1929, and the plaintiff Robert Williams was appointed and qualified as adminstrator of his estate. The adminstration is still pending. The plaintiffs are the heirs at law of Steve and Minnie Williams. The claim upon the note and lien was never presented to the administrator as by law required. The note not having been paid, the trustee, Henderson, on November 1, 1932, at the request of Connor Brothers, and assuming to act under the power of sale conferred by the deed of trust, sold the land to Connor Brothers and executed deed therefor. On the date of the sale Connor Brothers went into possession of the land and have since remained in continuous exclusive possession.

"The land was a part of the rural homestead of Williams and his two wives. The second wife continued to live upon the home tract, of which the 100 acres was a part, until the trustee's sale to Connor Brothers. A year before the trustee's sale the administrator had paid all debts owing by the estate of Steve Williams except the note to Connor Brothers. Except for the payment of such note, the administration, it seems, was ready to be closed."

The Court of Civil Appeals held that plaintiffs in error acquired no title under the trustee's sale and deed because the sale was made at the request of Connor Brothers, the owners of the note, rather than at the request of J. C. Tidwell & Company, the payees in the note. That court further held that plaintiffs in error Connor Brothers, having gone into possession under a void nonjudicial foreclosure, were not mortgagees lawfully in possession but were trespassers and could not invoke equitable protection against recovery of possession by defendants in error without payment of the debt. By notation made in granting the application for writ of error the Supreme Court indicated tentatively its disapproval of both of said rulings of the Court of Civil Appeals.

■ We express no opinion as to the first ruling, because we have reached the conclusion, on the authority of Federal Land Bank of Houston v. Tarter, 86 S. W. (2d) 523, that the trustee's sale of the land, even though it was homestead, was ineffectual to divest the heirs of Steve and Minnie Williams of their title and to vest title in the purchasers at such sale. This, because at the time the sale was made administration of the estate of Steve Williams was pending in county court. As said by Chief Justice GALLAGHER in the elaborate and well supported opinion in the Tarter case: "The county court has not only potential jurisdiction in a pending administration to approve a claim secured by a valid and enforceable lien on the homestead and to order the sale thereof to satisfy such claim, but such jurisdiction is exclusive." The dismissal of the application for writ of error in that case evidenced the Supreme Court's approval of the decision of the Court of Civil Appeals that the trustee's sale was invalid for the reason stated, that decision being the basis of the judgment of that court and the correctness of such decision the sole question presented in the application for writ of error.

Neither the fact that no order had been made by the probate court, at the time of the trustee's sale, setting aside the land as homestead to the surviving wife nor the fact that there were at that time no unpaid debts of the esate of Steve Williams, except

the note to Connor Brothers, is sufficient to distinguish this case from the Tarter case. The question is one of jurisdiction of the county court while administration is pending to enforce by sale a valid lien against the homestead. That such jurisdiction is exclusive is conclusively shown by the review in Judge GALLAGHER'S opinion in the Tarter case of the probate statutes and the decisions construing them.

■ The rule is, as stated by Chief Justice PHILLIPS in Lauraine v. Ashe, 109 Texas 69, 76, 196 S. W. 501: "Only the probate court has jurisdiction to sell for the payment of debts the property of a decedent upon whose estate administration has commenced or is pending." See also: Taylor v. Williams, 101 Texas 388, 108 S. W. 815; Reynolds Mortgage Co. v. Smith, 280 S. W. 879; Dalton v. Allen, 56 S. W. (2d) 205. While the homestead may not be sold for payment of general debts of the estate, it may be sold for the payment of a debt secured by a valid lien against it, and the exclusive jurisdiction for making the sale of the homestead for such latter purpose, while administration is pending, is in the probate court. Cline v. Niblo, 117 Texas 474, 8 S. W. (2d) 633, 66 A. L. R. 916; Gregory v. Ward, 118 Texas 526, 18 S. W. (2d) 1049; Boyle v. Paul, 126 Texas 242, 247, 86 S. W. (2d) 745; Pace v. Eoff, (Com. App.) 48 S. W. (2d) 956; Britton v. Wilson, 101 S. W. (2d) 889. The exclusive jurisdiction of the probate court, during the pendency of administration of Steve Williams' estate, to sell the land for enforcement of the lien extended not only to the undivided one-half interest owned by Steve Williams at his death but also the undivided one-half interest acquired by defendants in error as heirs of their deceased mother, Minnie Williams, the land being community property of Steve and Minnie Williams and the debt secured by the lien being their community debt. Carlton v. Goebler, 94 Texas 93, 97, 58 S. W. 829; Lovejoy v. Cockrell, (Com. App.) 63 S. W. (2d) 1009; Matula v. Freytag, 101 Texas 357, 107 S. W. 536; Murchison v. White, 54 Texas 78; Waterman Lumber and Supply Co. v. Robbins, 206 S. W. 825; 12 Texas Law Review, pp. 348-351.

■ The fact that plaintiffs in error took possession of the land under a void nonjudicial sale did not make their possession unlawful. It is our opinion, as expressed in Jasper State Bank v. Braswell, 130 Texas 549, 111 S. W. (2d) 1079, decided January 12, 1938, that a mortgagee who has purchased the land at foreclosure sale, irregular or void as to the mortgagor (or as to one having title under the mortgagor), and who has taken possession under and in reliance upon such foreclosure and purchase,

may retain possession against the suit of the mortgagor or one holding under him, until the debt is paid. The briefs in this case were carefully considered in the preparation of the opinion in Jasper State Bank v. Braswell.

According to the trial court's findings and conclusions, not questioned by assignment of error, the deed of trust executed by Steve Williams created a valid lien upon the land to secure the payment of $907.00 of the debt evidenced by the note, and plaintiffs in error, the owners of the note, the maturity of which had been extended to November 1, 1928, purchased the land at the trustee's sale on November 1, 1932, took possession on the same day, and have from that time continuously held exclusive possession. Plaintiffs in error in their answer did not assert the equitable rights of a mortgagee in possession, but pleaded their ownership of the note and lien and for alternative relief, in the event their title under the trustee's sale should not be sustained, prayed for foreclosure of the lien. Defendants in error in reply pleaded that the note and lien were barred by limitation and made no tender or offer to pay the debt. The facts indicate that plaintiffs in error, notwithstanding the invalidity of the trustee's sale, were at the time the suit was filed mortgagees lawfully in possession, entitled to retain possession unless defendants in error paid the debt. It appears that the justice of the case demands another trial, in order that the rights and equities of the parties may be presented by proper pleadings and evidence and determined substantially in the manner prescribed in the opinion in Jasper State Bank v. Braswell, supra.

The judgments of the Court of Civil Appeals and of the district court are reversed and the cause is remanded to the district court for trial in accordance with this opinion.

Opinion adopted by the Supreme Court January 19, 1938.