## CLARKE et al. v. GAUNTT.
### No. 2260.

Court of Civil Appeals of Texas. Waco.
Feb. 20, 1941.

Rehearing Denied March 27, 1941.

H. O. Clark and Fitzpatrick & Dunnam, all of Waco, for appellants.

John B. McNamara, John N. Gauntt, and Joe W. Taylor, all of Waco, for appellee.

TIREY, Justice.

This suit was brought by John N. Gauntt against Nellie Bailey and E. L. Smith, to recover on their joint promissory note, payable to him, and to foreclose a deed of trust lien on certain property in McLennan county, which deed of·trust lien was executed by Nellie Bailey (a feme sole at the time of the execution of these instruments) contemporaneously with the note. Plaintiff made other parties defendant to the suit before proceeding to trial, as will hereafter appear. At the conclusion of the evidence, plaintiff dismissed his suit as to the defendant estate of W. M. Bailey, deceased; and against E. L. Smith, because Smith was actually and notoriously insolvent. Thereupon the court, of its own motion, withdrew this cause from the jury and found that the estate of Nellie Bailey Smith owned the land in question, subject to the payment, in due course of administration, of the debts of the estate of W. M. Bailey, now pending on the probate docket of McLennan county, and entered judgment in favor of plaintiff for principal, interest, attorney's fees and costs, less credits, against Wm. T. Clarke, administrator of the estate of Nellie Bailey Smith, and for foreclosure of the deed of trust lien on the land, and directed that the judgment be certified to the County Court of McLennan county, sitting in matters probate, where the estate of Nellie Bailey Smith was being administered, to be there classified, enforced and paid according to law. Wm. T. Clarke, administrator of said estate, and Cecil Smith, surviving husband

of Nellie Bailey Smith, deceased, have appealed.

The note was dated September 23, 1931, and was in the principal sum of $500, payable to plaintiff, with interest from date at the rate of 8 per cent. per annum. It was payable in twelve equal monthly installments, the last installment maturing on October 1, 1932. The property upon which the lien was given was the common property of W. M. Bailey and his deceased wife, who died prior to the execution of the instruments (leaving Nellie Bailey as her sole and only child). Nellie Bailey intermarried with Cecil Smith on April 5, 1933, and was the wife of Cecil Smith at the time of her death, which occurred on August 24, 1938. W. M. Bailey, her father, died on June 6, 1938. Nellie Bailey was the owner of an undivided one-half interest in the property described in the deed of trust at the time she executed and delivered that instrument and upon the death of her father she inherited the other undivided one-half interest. This cause went to trial on the 21st of June, 1939. Plaintiff filed his original petition on February 27, 1934. On March 13, 1934, Nellie Bailey filed pleas in abatement and coverture and pleaded that she had intermarried with Cecil Smith, and also pleaded a general demurrer and general denial, subject to the above pleas. Thereafter, on June 12, 1934, plaintiff filed his amended petition and interpleaded Cecil Smith, the husband. and W. M. Bailey, the father, upon the same cause of action as set forth in his original petition. Citation issued to Cecil Smith for the first time on June 20, 1938, and he was served on June 21, 1938. He answered and specially pleaded, in defense, the four-year statute of limitation. Vernon's Ann. Civ.St. art. 5527. Thereafter, on April 13, 1939, plaintiff, upon petition for writ of scire facias, caused Wm. T. Clarke, administrator of the estate of W. M. Bailey, deceased, and administrator of the estate of Nellie Bailey Smith, deceased, to be made party defendants; and Wm. T. Clarke, in each capacity, answered and specially pleaded, in defense, the four-year statute of limitation.

■ Error is assigned to the judgment entered by the trial court on the ground that the filing of the suit by plaintiff against Nellie Bailey in 1934 did not toll the running of the statute of limitation, and that since the evidence is undisputed that her husband was made a party defendant in 1934 but citation did not issue thereon for him until June 20, 1938, the plaintiff's cause of action was barred as a matter of law. We overrule this assignment. This exact question has been decided adversely to appellants' contention in City of Dallas v. Morris, 120 Tex. 181, 36 S.W.2d 702, 703. "The bringing in of the husband, prior to judgment, cures the defect, and this cure relates back, in its operation, to the commencement of the suit."

■ Error is assigned by appellants to the action of the trial court in foreclosing the deed of trust lien against the whole of the property described in the deed of trust, because the evidence shows that the property was the common property of the parents of Nellie Bailey Smith, and that at the time of the execution and delivery of the note and deed of trust said grantor owned only a one-half interest therein, and that since the grantor attempted to encumber only the interest that she owned at the time of the execution of the deed of trust, the mortgage lien of the plaintiff does not extend to the other one-half interest that she acquired by inheritance on the death of her father. We overrule this assignment. First of all, the record does not raise the question that the grantor intended to encumber only her present interest in the property. The deed of trust in question conveys "all my right, title and interest in and to (then follows the description of property). To have and to hold the said property, together with all and singular, the rights, privileges and appurtenances to the same belonging to the said N. B. Brown and his assigns forever in trust * * *." Said deed of trust further provided for power of sale by the trustee and authorized the trustee "to make, execute and deliver to any purchaser or purchasers of said property a good and sufficient deed for such property," and further provided "and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend the title to said property conveyed herein to the purchaser at any sale under this trust, his heirs and assigns, against the lawful claims of any and all persons whomsoever, claiming or to claim the same or any part thereof." We have carefully examined the deed of trust and find nothing in the same to indicate that the grantor therein undertook to convey only a one-half interest in the property. On the contrary, we think it appears that she conveyed the whole of the property in trust to secure the

payment of the note in question and provided for sale of the same in case of default in the payment of the note and authorized the trustee "to make, execute and deliver to any purchaser or purchasers of said property a good and sufficient deed for such property." The foregoing provision is followed by the covenant of general warranty of title heretofore quoted. It is well settled in Texas that "when one conveys land by warranty of title, a title subsequently acquired by the grantor passes eo instanti to his warrantee * * *" and that "this rule applies to mortgagors and mortgagees in like manner as to warrantors and warrantees." Galloway v. Moeser, Tex.Civ.App., 82 S.W.2d 1067, point page 1068, for collation of authorities; 29 Tex.Jur. 831, sec. 33.

Error is assigned to the amount of the judgment on the ground that there is a miscalculation in the amount of the recovery (including principal, interest and attorney's fees), after deducting credits. We have carefully checked the judgment rendered by the trial court and find that it does not exceed the amount provided by the contract.

■ Complaint is also made to the action of the court, in that it rendered a lump-sum judgment for principal, interest and attorney's fees, and provided that the entire amount draw 8 per cent interest from date. Where attorney's fees are for a liquidated amount and are clearly incident to the main debt and so connected with it as to make them a part of the contract, and where such fees are included in the judgment, the rule is that they shall bear interest at the same rate as the principal sum. See Tsesmelis v. Sinton State Bank, Tex.Com.App., 53 S.W.2d 461, 85 A.L.R. 319.

■ The court having acquired jurisdiction of the parties and subject matter of this litigation during the lifetime of Nellie Bailey Smith, the suit did not abate by reason of her death, and the court properly required her administrator to appear and defend this suit. This question was definitely settled in Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563; Art. 2080, Vernon's Annotated Civil Statutes; Farmers' & Merchants' Nat. Bank v. Jones, Tex.Civ.App., 254 S.W. 251.

We have considered all other assignments raised by appellants and each is overruled.

The judgment of the trial court is affirmed.