## LAMBRIGHT v. QUICK.

### No. 12015.

Court of Civil Appeals of Texas. Galveston.

Oct. 26, 1948.

Rehearing Denied Nov. 18, 1948.

Richard S. Koepnick, of Dallas, and W. R. Petty, of Palestine, for appellant.

W. C. Campbell, of Palestine, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Ida Lambright, for recovery from appellee, W. C. Quick, as temporary administrator of the estate of Laura Parker. Lynn and J. M. Lynn, deceased, for services .alleged to have been rendered the estate of Laura Parker Lynn, deceased. The claim sued on had been presented to appellee as temporary administrator of said estate of Laura Parker Lynn and J. M. Lynn, and approval had been refused by appellee for the alleged reason that he had no authority under the order of the court appointing him as such temporary administrator to approve or disapprove this claim.

Appellant did not allege or prove that appellee was authorized by the Probate Court to either approve or disapprove her alleged claim or that appellee was authorized by the court to defend this suit.

Appellee in due order and for the limited purpose of avoiding judgment by default filed and presented to the court his verified plea of lack of jurisdiction of the court to hear and determine appellant's

cause of action, and after a hearing by the court appellee's plea to the jurisdiction of the court was sustained and appellant's cause of action was dismissed without prejudice, from which ruling and judgment of the court appellant has appealed.

On December 14, 1945, Mrs. Eureta Jackson and Mrs. Nannie B. Slaughter were appointed temporary administratrices of the estate of Laura Parker Lynn, deceased. They were removed as such administratrices on February 25, 1946, and on September 3, 1946, appellee, W. C. Quick, was appointed temporary administrator of said estate. Appellant's claim in the nature of a sworn account was for services alleged to have been rendered the estate of Laura Parker Lynn. It included the occupying of the dwelling in the estate and protecting the property, including the cattle and chickens of the estate, from trespassers from December 7, 1945, to December 14, 1947, a period of 727 days at the rate of $2.00 per day, amounting to the sum of $1454.00. Appellant alleged that she was employed by the former administratrices of the estate and that appellee told her that she would be paid for her services.

Appellee testified on the trial of the case that after his appointment as temporary administrator of said estate, he found appellant on the place and that she told him she had been employed by Mrs. Lynn, and that she had been told by young Mr. Lynn to remain in the house and that she would be paid for her services. Appellee testified that he had never at any time agreed to pay appellant for her services alleged to have been performed, but that he had at all times stated that he had no authority under his appointment to pay her anything. Appellant testified that while Mrs. Jackson and Mrs. Slaughter were administratrices of said estate they had employed her at the rate of $2.00 per day to take care of the property and stock belonging to the estate, that she had told appellee that she was charging $2.00 per day for her services. She testified that appellee had told her that he would pay her for her services when the estate was settled.

Article 3373, R.C.S. Texas 1925, authorizes the appointment of a temporary administrator with such limited powers as the circumstances of the case may require. Article 3374 provides that the order of the appointment shall define the powers conferred, and Article 3379, R.C.S., provides that "Temporary administrators shall have and exercise only such rights and powers, as are specifically expressed in the order of the court appointing them, and any acts performed by them as such administrators that are not so expressly authorized shall be void."

The order of the Probate Court appointing appellee as temporary administrator, which was made a part of appellant's petition, authorized appellee " * * * to attend to the following matters concerning said estate to wit:

"The taking into his possession, control and management of all of the property, both real and personal, belonging to said estate, or either of them, including all monies in all Banks, trust companies, or other institutions and individuals which belong to said estate, including as well all, corporate stocks and any and all bonds of the United States of America of any and all types and denominations and all notes, accounts and claims due and oweing to said estate and to collect the same when due and payable and to hold and preserve the same for said estate.

"To look after and have looked after all of the live stock, chickens and other fowls belonging to said estate and to sell said live stock, chickens and other fowls for cash if in his judgment the interest of said estate requires the sale thereof, and to purchase the necessary food and other necessary products and supplies to maintain and preserve the same, to rent all lands and other property belonging to said estate to the best advantage and to make or have made all necessary ordinary repairs to fences and houses situated on real estate so as to make the same tentable and habitable and to employ such persons as in his judgment may be necessary to look after said property and care and preserve the same and to prevent trespassing thereon or injuries thereto and to demand and

receive from any and all persons having in their possession any of said property, either real estate, or personal property, money in banks, trust companies or individuals, all notes or other evidence of debt to said estate or either of them and to demand immediate possession and delivery thereof and with authority to sue therefor if necessary and to employ attorneys for such purposes, and also to collect and receive all rents, if any due and to become due to said estate and to carefully hold and preserve said property and the proceeds arising from the sale thereof, less the *expence* incurred in the protection and preservation thereof subject to the future order of this court, and with authority to pay all taxes on said lands as they become due."

While appellant alleged in her petition that appellee was the duly qualified and acting temporary administrator of the estate of Laura Parker Lynn and J. M. Lynn, she does not allege in her pleadings the extent of the powers conferred upon him by his appointment or that, by his appointment he was authorized to approve the claim sued upon or to settle appellant's claim for services rendered the estate prior to appellee's appointment as temporary administrator.

It is the established law in this State that a temporary administrator has only such limited powers as are conferred upon him by the order of the court appointing him, and that the mere allegation that appellee was the temporary administrator of the Lynn estate does not state any authority on his part to approve appellant's claim for services rendered the estate and the trial court did not, we think, abuse its discretion in entering its order dismissing the suit for lack of jurisdiction. Fenimore v. Youngs et al., 119 Tex.Com. App. 159, 26 S.W.2d 195; Cobbel v. Crawford et al., Tex.Civ.App., 120 S.W.2d 1085; Tolivar v. Lombardo, Tex.Civ.App., 88 S.W.2d 733.

Appellee states in his brief that the temporary administration on the estates in question is still pending in the Probate Court of Anderson County, Texas, and that that court has full control of said temporary administrator and said estates, with authority and power to afford all the necessary relief during the pendency of such proceeding.

In the case of Boyle v. Paul, 126 Tex. 242, 86 S.W.2d 744, 747, decision by Commission of Appeals, adopted by the Supreme Court, the court in its opinion said, "This brings us to the question of original jurisdiction in the district court. Broadly speaking, the general equity jurisdiction of the district court extends to matters relating to the estate of a deceased person which is in process of administration in the county court. However, in no event is the infringement by the district court of the jurisdiction of the county court in such a case authorized so long as adequate relief is available there. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 196 S.W. 501. In the present instance, the county court, having full control of the temporary administrator, is capable of affording appellant all the relief during the pendency of such proceeding, as the circumstances of the case require. This being the case it would be improper for the district court to interfere in the regular process of administration in the other court. Granting that the provisions contained in section 8, article 5 of the Constitution [Vernon's Ann.St.], which invests the district court with original jurisdiction over executors and administrators, extends to temporary administrators, still that would not include authority to forestall the determination, by the county court in regular course, of the fact that debts do or do not exist which are properly chargeable against property belonging to the estate."

It follows, we think, that the judgment of the trial court dismissing this cause from the docket of the trial court should be affirmed. It is so ordered.

Because of a stenographic error in copying a quotation from the wrong order appointing a temporary administrator herein, this Court's opinion filed herein on October 21, 1948, is withdrawn, and this opinion is filed this date in lieu thereof.

Affirmed.