NANCY MURRAY ET AL. v. J. K. P. GILLASPIE, JUDGE, ETC.

No. 1042. Decided February 26, 1903.

**Mandamus—Allowance of Witness Fees.**

The State, having the power to require the attendance of witnesses from another county in a criminal case without compensation, as was formerly done, could make the allowance of fees for more than two of such witnesses to the same fact dependent on the decision of the district judge as to the necessity for them (Code Crim. Proc., art. 1093), and his decision on the matter was final and not to be controlled by mandamus. (Pp. 285, 286.)

Motion for leave to file petition for mandamus against the judge of the Criminal District Court.

*J. B. Brockman,* for petitioner.

GAINES, CHIEF JUSTICE.—This is a motion to file a petition for a writ of mandamus against the respondent as judge of the Criminal Court for Harris and Galveston counties. The petition shows, in substance, that the relators were summoned as witnesses in behalf of the defend-ant in a certain cause which had been pending in the Criminal District Court of Harris County, entitled, The State of Texas v. T. F. Boyd; that they were residents of another county and had attended upon the

trial-in obedience to the process of the court, and had made out their accounts for mileage and attendance, duly certified to by the clerk, and had presented the same to respondent as judge of the court for allowance; and that he had refused to allow the same. The prayer is for the writ of mandamus to compel him to make the allowance. The certificates are made exhibits to the petition, and upon each of them is an official indorsement by respondent which shows that he refused to allow the account for the reason that he had already made an allowance for the attendance of two witnesses who were in like manner brought before the court from another county to testify to the same fact to which the relators were called to give evidence. Previous to the Act of April 20, 1883 (which is now incorporated in our Code of Criminal Procedure as article 1093), the State paid no fees for witnesses attending in criminal cases. Code Crim. Proc., 1879, art. 1107. Article 1093 of the present code allowed fees for witnesses who resided out of the county in which the trial was had, when such witnesses had been recognized or had been attached and given bond for their attendance; and made it the duty of the judge to examine and to allow the account if found correct. However, it also contained this proviso: "Provided further, that fees shall not be allowed to more than two witnesses to the same fact, unless the judge of the court before whom the cause is tried shall, after such case shall have been disposed of, certify that such witnesses claiming fees as herein provided were necessary in the cause." We are of opinion that it was the purpose of the Legislature to make the action of the judge in allowing or disallowing the account of a witness conclusive; and it is not subject to review or control by mandamus or otherwise. If it be urged that if the judge refuse to allow a just and legal account the witness has no remedy, the same may be said of the judgment of the justice of the peace which does not exceed $20. Const., art. 5, sec. 16.

Since the attendance of witnesses in State cases could be compelled without the payment of any fees whatever, as was done under previous laws, we think that the Legislature when they came to allow such fees had the right to make such regulations for determining the allowance as they saw proper, and that they intended to confide all questions growing out of the matter to the decision of the judge alone.

Being clearly of the opinion that the district judge can not be compelled by the writ of mandamus to approve the accounts in question, the motion to file the petition is overruled.