GALVESTON, H. & S. A. RY. CO. v. BRASSELL et al. (No. 5652.) *

(Court of Civil Appeals of Texas. San Antonio. May 10, 1916. Rehearing Denied June 7, 1916.)

1. DAMAGES �köm132(1)—PERSONAL INJURIES—EXCESSIVE VERDICT.

In an action by husband and wife against a railroad for personal injuries to the wife while alighting from a train, a verdict for $6,000 was not excessive, where plaintiff, a strong, vigorous woman, free from pain, was confined to her bed much of the time and had her capacity to perform her usual duties impaired, her sufferings being intense from the time of the injury for two years and a month, to the date of last trial, the suffering and diminished capacity having grown worse and being permanent.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 372; Dec. Dig. ⊙ӛ132(1).]

2. ASSIGNMENTS ⊙ӛ129—PARTIES—ATTORNEY AS PARTY—AGREEMENT TO PAY CONTINGENT FEE.

The agreement of a husband, who employed an attorney to take the case against a railroad company for injuries to his wife, to pay half the amount recovered, after expenses were paid, there being no written assignment of any interest in the cause of action, was a mere agreement to pay a contingent fee, not rendering the attorney a necessary formal party to the suit.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 213–219; Dec. Dig. ⊙ӛ129.]

3. CARRIERS ⊙ӛ348(6)—CARRIAGE OF PASSENGERS—ACTION FOR INJURIES—INSTRUCTION.

In an action against a railroad for personal injuries while alighting from a car, an instruction that if the jury found that a person of ordinary prudence would not have attempted to alight at the place where plaintiff attempted to, in the manner in which she attempted to, they would find verdict for defendant, notwithstanding they found that defendant was negligent in some or all of the respects complained of, fully submitted the issue of plaintiff's contributory negligence in the manner of leaving the car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403, 1405; Dec. Dig. ⊙ӛ348(6).]

Appeal from District Court, Gonzales County; M. Kennon, Judge.

Suit by J. M. Brassell and another against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for

plaintiffs for $6,000, defendant appeals. Judgment affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Harwood & Miller, of Gonzales, for appellant. Emmet B. Cocke, of San Antonio, for appellees.

SWEARINGEN, J. This is a second appeal of this case. The facts are substantially as stated in the opinion rendered on the first appeal, and reported in 173 S. W. 522, as follows:

"This is a suit for damages to Mrs. Maggie Brassell, instituted by her and her husband, J. M. Brassell, alleged to have accrued from personal injuries inflicted upon her by a fall from the steps of a car belonging to appellant. It was alleged that she was a passenger on the train of appellant, and that when she attempted to alight, at her destination, she fell and was injured by reason of the negligence of appellant in failing to provide a suitable place for passengers to leave the train, in not providing some one to assist passengers in alighting. The cause was tried by jury, and resulted in a verdict and judgment for appellees in the sum of $6,000."

Appellant's first assignment of error is that $6,000 is an excessive amount for the injuries inflicted.

[1] It appears from the evidence: That prior to the injury complained of Mrs. Brassell was free from pain, a strong, vigorous woman. Since the injury, and because of it, she has suffered intense pain. She has been confined to her bed much of the time, her capacity to perform her usual duties has been much impaired. That all this suffering and incapacity has continued from the time of the injury, June 24, 1913, until July 1915, the date of the last trial. That the suffering and diminished capacity have grown worse and are permanent. From these facts the jury found, upon proper instructions, that $6,000 was a fair compensation for the injuries inflicted. We cannot find anything in the record that would authorize this court to go behind the verdict of the jury and the judgment of the trial court and declare the amount excessive.

[2] Appellant, by its second, third, fourth, and fifth assignments, through very many propositions, contend that because appellees had agreed orally to pay their attorney a contingent fee of one-half of the net amount recovered in this suit, the attorney should have been made a formal party to the suit. There was no written assignment of any interest in the cause of action to the attorney. Appellee J. M. Brassell employed the attorney to take the case for one-half of the amount recovered after the expenses were paid. This was a mere agreement to pay so much as a contingent fee. G., H. & S. A. v. Ginther, 96 Tex. 300, 72 S. W. 166. The attorney for appellees so identified himself with the proceedings in the trial of this cause as to become bound by the judgment. Bonner v. Green, 6 Tex. Civ. App. 99, 24 S. W. 835; St. Louis, S. F. & T.

Ry. Co. v. Thomas, 167 S. W. 786; Hughes-Buie Co. v. Mendoza, 156 S. W. 330. The second, third, fourth, and fifth assignments are overruled.

[3] The sixth and seventh assignments complain that the trial court erred because it refused special charges requested by appellant. The special charges presented a grouping of facts alleged by appellant as contributory negligence of appellee. In effect, the facts averred were that if appellee held the railing at a point too far from the ground, and that no ordinary person under similar circumstances would have held the rail so high, etc. There was no evidence that Mrs. Brassell held the railing at a point too high above the ground. The evidence is that Mrs. Brassell, while standing on the bottom step, caught the railing with her right hand at a point on a level with her waist. There is no evidence that tends to show whether or not this was too high from the ground. The issue of appellee's contributory negligence in the manner of leaving the car was fully submitted in the seventh paragraph of the court's main charge:

"If you find from the evidence that a person of ordinary prudence would not have attempted to alight from the train at the place where Mrs. Brassell attempted to alight, * * * in the manner in which she attempted to alight, then you will find a verdict for the defendant, notwithstanding you may find that the defendant was negligent in some or all of the respects complained of."

And, in the special charges given, the court applied the law to the special facts of the case of which there was evidence. G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 167, 30 S. W. 902, 28 L. R. A. 538.

There is no error in the judgment of the trial court, and the same is affirmed.