**PORTER v. POLIS et al.**
No. 11234.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 3, 1943.

Rehearing Denied March 3, 1943.

Kelley & Looney, of Edinburg, and Orville I. Cox, of McAllen, for appellant.

Sid L. Hardin and Harry L. Hall, both of Edinburg, for appellees.

MURRAY, Justice.

This suit was instituted by G. G. Porter against Polis and Hagan, a partnership composed of A. K. Polis, Jr., and C. O. Hagan, and A. K. Polis, Jr., individually, for damages alleged to have been incurred by Porter as the result of a collision between automobiles driven by Porter and Polis.

The trial was to a jury and, based upon the jury's answers to the special issues submitted, judgment was rendered by the trial court that Porter take nothing, from which judgment he has appealed.

The jury, in answer to special issue No. 25, found that the failure of Porter to give either a visible or audible signal of his intention to make a left-hand turn to the east across Tenth Street, on the occasion of the collision, was negligence and a proximate cause of the accident. It is plain that this finding alone convicts Porter of contributory negligence and justifies rendition of judgment for Polis, unless such finding is in irreconcilable conflict with other findings made by the jury. Aranda v. Texas & N. O. R. Co., Tex. Civ.App., 140 S.W.2d 236.

Apparent conflict in jury answers to special issues submitted to a jury should

be reconciled if it can be reasonably done in light of facts, pleadings and evidence, the manner in which the issues were submitted, and in view of other findings when considered as a whole. Walker v. Houston Electric Co., Tex.Civ.App., 155 S.W.2d 973; Fort Worth & D. C. Ry. Co. v. Welch, Tex.Civ.App., 154 S.W.2d 896; 41 Tex.Jur., p. 1224, § 360.

■ The jury found, in answer to other issues submitted, that Polis was driving at a rate of speed of forty miles per hour in the city limits of McAllen, that he was driving his car on the left-hand side of the street, that he did not have his car under control, that he was not keeping a proper lookout, that he hit Porter's car after it was up in Porter's driveway and off the paved portion of Tenth Street, and, further, that Porter was keeping a proper lookout and that there was ample space between Porter's car and Polis' car for Porter to make a left-hand turn in safety. However, taking all of these facts as true the jury was not thereby precluded from finding that Porter was guilty of negligence in not giving a plainly visible or audible signal of his intention to make a left-hand turn, as is required by Section (K) of Article 801, Vernon's Annotated Penal Code, and that such negligence was a proximate cause of the collision. It was for the jury to say, from all the evidence, whether or not it was the duty of Porter to give such signal and whether or not his failure was a proximate cause of the collision, even though Polis was guilty of all the acts of negligence he was found by the jury to have committed.

■■ This Court cannot say, as a matter of law, that though Polis was driving on his left-hand side of the street at a rate of speed of forty miles per hour and did not have his car under control, and was not keeping a proper lookout, and although the collision occurred in Porter's driveway, that had Porter given such a signal as is required by Section (K), Art. 801, supra, it would not and could not have been seen or heard by Polis and heeded by him in time to have enabled him to avoid the collision. Such findings are not in irreconcilable conflict but can be harmonized, and where this can be done it is our duty to do so. Aranda v. Texas & N. O. R. Co., supra; 41 Tex.Jur. p. 1224, § 360. It is only where both findings cannot be true that a mistrial is required.

Graham v. Dallas Ry. & Terminal Co., Tex. Civ.App., 165 S.W.2d 1002.

It follows that appellant's points based upon the contention that the jury's findings are in irreconcilable conflict are overruled and the judgment of the trial court affirmed.