### JORDAN et al. v. GARCIA et al.
### No. 11642.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 25, 1946.

Rehearing Denied Oct. 30, 1946.

E. T. Yates, of Brownsville, for appellants.

O. B. Garcia and H. A. Garcia, both of Brownsville, for appellees.

NORVELL, Justice.

This is an appeal from an order of dismissal rendered after the sustaining of a plea to the jurisdiction of the district court. The trial court held that the County Court had exclusive jurisdiction of the case.

The principal authority relied upon by appellees is O'Neil v. Norton, Tex.Com. App., 29 S.W.2d 1060, 1061, in which it is stated as a general rule that "When an administration on the estate of a deceased person is pending in the county court or it is made to appear that a necessity for it exists, the district court only has appellate jurisdiction and has no original jurisdiction to decree a partition or distribution or settlement of the estate among the heirs of decedent until the administration in the county court has been finally concluded."

Later in the opinion, it is stated, as a further well-settled rule in this State, "that when it appears in the nature of the case, as shown by the pleadings and proof, that the suit involves controversies and issues from which and between parties over whom the probate court did not have jurisdiction, is such that the powers of the probate court are inadequate to grant the full relief sought, then the district court has jurisdiction and may grant relief."

The question here is, which of the two rules stated is applicable to this case?

The appellants (plaintiffs below) claim under Jesus Jordan, Jr.

The appellees are Roman Garcia, individually and as administrator of the estate of Guadalupe Garcia Gracia, deceased, Guadalupe L. Garcia de Ramirez (a daughter of Roman Garcia) and her husband, Melchor Ramirez.

Appellants sought to recover title to an undivided one-half interest in two sets of lots in the City of Brownsville, viz.: Lots 3, 4 and 5, in Block 140, and Lots 1 and 2, in Block 140.

In addition to the statutory count in trespass to try title, appellants alleged that

the common source of title was Guadalupe Garcia Gracia; that said Guadalupe Garcia Gracia, the appellee Roman Garcia, Concho Garcia and Jesus Jordan, were all children of Mariana Rodriguez, an unmarried woman; that Guadalupe Garcia Gracia and her husband both died intestate without issue; that Concho Garcia died intestate without having married and left no children, and that consequently the property involved belonged one-half to Roman Garcia and one-half to appellants, the children of Jesus Jordan, Jr., the only son of Jesus Jordan.

It is also alleged that in 1932 Roman Garcia was appointed administrator of the estate of Guadalupe Garcia Gracia, deceased. It appears that administration upon this estate has not been closed, but proceedings are pending therein wherein the removal of Roman Garcia as administrator is sought.

The petition alleges that although Roman Garcia formerly recognized Jesus Jordan as his brother, he is now taking the position that appellants as descendants of Jesus Jordan have no interest in the property belonging to the estate of Guadalupe Garcia Gracia, deceased.

It is further alleged that Roman Garcia entered into a conspiracy with his daughter Guadalupe L. Ramirez to defraud appellants out of their interest in the real property owned by the estate of Guadalupe Garcia Gracia, deceased, and that although Roman Garcia, as administrator, had money on hand belonging to the estate with which to pay taxes, he deliberately failed to do so in order that a tax suit would be filed thereon and his daughter could purchase same at a tax sale. That as a result of this conspiracy Lots 3, 4 and 5, in Block 140, were actually bought in at a tax foreclosure sale by Guadalupe L. Ramirez. Appellants alleged that this purported sale was void in law, or, in the alternative, by reason of the alleged actions of said Roman Garcia and Guadalupe L. Ramirez, they are entitled to have such property impressed with a trust in their favor to the extent of an undivided one-half interest.

It appears from appellees' pleadings that in 1942 Roman Garcia executed a deed to his daughter, Guadalupe L. Ramirez, covering Lots 1 and 2, and Block 140. Consequently, according to the pleadings, the record title to all property involved in this suit stands in the name of Guadalupe L. Ramirez.

In our opinion a case for the district court is disclosed and the trial court erred in failing to so hold.

The pleadings suggest two questions of controlling importance: (1) Who are the heirs of Guadalupe Garcia Gracia, deceased? (2) Does the real property involved belong to the estate of Guadalupe Garcia Gracia, deceased, or does it belong to Guadalupe L. Ramirez?

Conceding that a determination of heirship could be had in the County Court, that determination would not necessarily determine the issues raised by the pleadings in the present suit.

The appellants have attacked the asserted title of Guadalupe L. Ramirez to the property involved, and also seek to have said property impressed with a trust for their benefit as heirs of Guadalupe Garcia Gracia, deceased.

The administrator, Roman Garcia, is in a position antagonistic to appellants, consequently, said appellants may maintain such a suit as they have instituted. Rogers v. Kennard, 54 Tex. 30, 37; 14 Tex.Jur. 298, § 518.

The County Court is without jurisdiction to determine the issues of title which are raised by the pleadings. Texas Constitution, Art. 5, § 8, Vernon's Ann.St.; 11 Tex. Jur. 921, § 141; 13 Tex.Jur. 611, § 28.

The cause may be decided by the District Court and, if necessary, its decision certified to the probate court for observance without encroaching upon the constitutional jurisdiction of the County Court. Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049.

The order appealed from is reversed and the cause remanded for further proceedings in accordance with this opinion.