Opinion approved by the Court.

## HIGGINBOTHAM v. DAVIS.
### No. 14015.

Court of Civil Appeals of Texas. Dallas.
May 6, 1949.

Rehearing Denied June 3, 1949.

Geo. K. Holland, of Dallas, for appellant.

Turner & Turner, of Dallas, for appellee.

CRAMER, Justice.

Appellant as next friend of John Powell, n. c. m., who is without legal guardian and is now confined in the Terrell State Hospital for the Insane, brought this suit in trespass to try title and for damages, against appellee, individually, and as administrator of the estate of Gracie Powell, deceased, alleging in substance that he was, prior to his adjudication as a person of unsound mind (and has been continuously since then), the husband of Gracie Powell, deceased, and that he is her only surviving heir and beneficiary; that the land involved and described in the petition is located in Dallas County; that the land is community property; that appellee, individually on May 9, 1947, and upon his appointment as temporary administrator on May 19, 1947, unlawfully entered and dispossessed him of the property.

Appellee answered by plea to the jurisdiction; special exceptions; plea of not guilty; special plea that the property was community property of himself and Gracie Powell, deceased, and that when she died he became its sole owner; or, in the alternative, that if he is not married to Gracie, they were partners in the property; that the probate court had exclusive jurisdiction; that after the administration is closed, the appellant will be entitled to an accounting of the partnership assets; for general relief; also a plea of res adjudicata based on orders of the probate court. Appellant filed a supplemental petition containing exceptions, general denial, and a prayer for relief as in his original petition.

The trial court, on pretrial hearing without evidence, on May 28, 1948, sustained appellee's plea to the jurisdiction and dismissed the case. This appeal was perfected from that order.

The only question is, which of the following two rules applies to this case under the pleadings: (1) Where administration is pending and there is no issue of title involved, the power to determine heirship and partition is exclusively in the probate court; (2) if there is an issue of title, then the district court has jurisdiction.

It may be added that if the district court has jurisdiction it can determine all inci-

dental questions involved, including heirship; and this, even though it may not have the power to enforce its judgment and its judgment would have to be certified to the probate court for enforcement.

In Jordan v. Garcia, 197 S.W.2d 873, 874, on an appeal from an order of dismissal, by a district court, for want of jurisdiction under somewhat similar circumstances as here, the San Antonio Court of Civil Appeals, in reversing a dismissal for want of jurisdiction, held:

"The appellants have attacked the asserted title of Guadalupe L. Ramirez to the property involved, and also seek to have said property impressed with a trust for their benefit as heirs of Guadalupe Garcia Gracia, deceased. The administrator, Roman Garcia, is in a position antagonistic to appellants, consequently, said appellants may maintain such a suit as they have instituted. Rogers v. Kennard, 54 Tex. 30, 37; 14 Tex.Jur. 298, § 518. The County Court is without jurisdiction to determine the issues of title which are raised by the pleadings. Texas Constitution, Art. 5, § 8, Vernon's Ann.Sts.; 11 Tex.Jur. 921, § 141; 13 Tex.Jur. 611, § 28. The cause may be decided by the District Court and, if necessary, its decision certified to the probate court for observance without encroaching upon the constitutional jurisdiction of the County Court. Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049."

See also 13 Tex.Jur. 611, sec. 28; Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657.

Applying the general rule, there is involved in this case, among other questions, a question of partnership between Frank Davis and the deceased Gracie Powell. This partnership would affect the title as between Frank Davis individually, and the same Frank Davis as representative of the estate. Appellee Davis, being administrator, by claiming an interest in the property as a partner of the deceased, makes the question one of title. Miers v. Betterton et al., 18 Tex.Civ.App. 430, 45 S.W. 430; In re Greathouse's Estate, Tex.Civ.App., 184 S.W.2d 317. In the Greathouse case the question was whether or not Carmen Mitchell was owner of a half interest in the property as partner of S. D. Greathouse,

deceased. The question was there held to be one of title which could not be decided in probate court in the first instance.

It being our conclusion that a question of title was involved, the trial court's judgment is reversed and the cause is remanded for trial on the merits.