Hattie MILNER, Appellant,

v.

D. B. WHATLEY et al., Appellees.

No. 3179.

Court of Civil Appeals of Texas.

Eastland.

Sept. 23, 1955.

Rehearing Denied Oct. 21, 1955.

Calloway Huffaker, Tahoka, Nelson & McCleskey, Lubbock, for appellant.

Hawkins & Dean, Breckenridge, for appellees.

COLLINGS, Justice.

This suit was brought originally in trespass to try title by appellees, D. B. Whatley and Ruth Nell Whatley, against J. G.

Whatley. D. B. Whatley and Ruth Nell Whatley are the children by the first marriage and J. G. Whatley is the father of C. B. Whatley, deceased. It is admitted that C. B. Whatley died on January 19, 1954 and was survived by his second wife, Minnie Whatley, and at the time of his death, owned three sections of land in Scurry County. He left a will in which he gave Hattie Milner all of his real and personal property and appointed her independent executrix without bond. Within a few days after the death of C. B. Whatley his father, J. G. Whatley filed for record in Scurry County an affidavit claiming that the deed by which he had conveyed two of the sections to C. B. Whatley had been procured by the fraud of C. B. Whatley.

On February 1, 1954, Hattie Milner placed in escrow in a bank in Snyder, Scurry County, Texas, a deed and bill of sale by which she conveyed subject to the payment of $2,000 by appellee D. B. Whatley, which amount it was indicated that C. B. Whatley owed her at the time of his death, all that she got under the will to the said appellees, D. B. Whatley and Ruth Whatley. Based upon the equitable title acquired under the deed and bill of sale so placed in escrow, the Whatley Children brought suit in trespass to try title against J. G. Whatley. Thereafter, on April 6, 1954, Hattie Milner executed and delivered to appellees a warranty deed by which she again conveyed to them the three sections of land, and in writing directed the Snyder Bank to deliver to appellees the deed and bill of sale which it held in escrow.

On May 3, 1954, an affidavit was filed for record in Scurry County on behalf of Hattie Milner stating that the deed and bill of sale executed and delivered by her on April 6, 1954, were fraudulently obtained and were void and that suit would be filed to set them aside. Thereafter, appellees, D. B. Whatley and Ruth Nell Whatley filed their third amended original petition and named as defendants J. G. Whatley, the father, Minnie Whatley, the widow, and Pearl and Clara Arnett, the sisters of C. B. Whatley, deceased, and Hattie Milner, a single woman, individually and as independent executrix of the estate of the said C. B. Whatley. The allegations of the amended petition were also in the nature of trespass to try title. Appellees further specifically alleged that the affidavit filed by J. G. Whatley to the effect that his deed to C. B. Whatley of the two sections of the land was null and void because of fraud on the part of C. B. Whatley was false, and judgment was prayed so holding and removing the cloud to appellees' title by reason of such affidavit. Appellees also sought damages in their behalf and in behalf of Hattie Milner as executrix from J. G. Whatley, Pearl Arnett and Clara Arnett, because of an alleged loss of sale and destruction of the market value of water and calichi from said land by reason of statements made by such defendants to would-be purchasers that appellees had no right or title to the land.

Appellees, by their pleadings, specifically set out the deed and bill of sale, a check of C. B. Whatley, deceased, payable to Hattie Milner in the sum of $2,000 and a $2,200 promissory note of D. B. Whatley which had been placed in escrow in the Snyder bank on February 1, 1954, and the instrument in writing of April 6, 1954, by which Hattie Milner instructed the escrow bank to deliver to appellees all of the instruments so placed in escrow. They further alleged that Hattie Milner did, on April 6, 1954, execute and deliver to appellees her warranty deed covering the three sections of land in question and a bill of sale covering the personal property of C. B. Whatley, deceased. They prayed that the affidavit filed on behalf of Hattie Milner attacking the April 6th deed as void should be removed as a cloud upon appellees' title to the three sections of land and that the bill of sale of that date should be confirmed and held valid.

Upon the motion of appellees, D. B. Whatley and Ruth Nell Whatley, the issues between them and the defendant, Hattie Milner, individually and as independent executrix of the estate of C. B.

Whatley, deceased, were severed from the issues between appellees and other defendants.

A trial before a jury was had of the issues between appellees and Hattie Milner and judgment upon the verdict was entered in favor of appellees and against Hattie Milner individually for the legal and equitable title to the surface of the three sections of land and against Hattie Milner as independent executrix for the legal and equitable title to the surface of said lands subject to whatever rights, if any, that Hattie Milner might have under the law as such executrix for the purpose of administration of said estate. Judgment was entered confirming and holding valid the deeds and bill of sale dated respectively February 1, 1954 and April 6, 1954, and removing the cloud from appellees' title by reason of the recorded affidavit claiming fraud in connection with the April 6th deed. It was provided, however, that the judgment should not impinge on or affect the vendor's lien in the sum of $2,200 retained and provided in the warranty deed executed and delivered by Hattie Milner to appellees on April 6, 1954. Hattie Milner, both individually and in her capacity as independent executrix, has appealed.

Appellant's first four points attack the jurisdiction of the District Court. It is contended that the court erred in holding it had jurisdiction; that the undisputed evidence shows a necessity for administration on the estate of C. B. Whatley, deceased; that administration had in fact already been instituted in the probate court of Scurry County and was pending at the time this suit was brought and at the trial; that appellant, Hattie Milner, was duly appointed independent executrix of the estate and that such estate owed debts totaling in excess of $20,000 which were outstanding and unpaid. Appellees' petition did not allege that no administration was pending or deny that a necessity existed therefor.

■ Under the constitution and statutes of this state the county court has original and general jurisdiction over the estates of decedents, and when administration on the estate of a deceased person is pending under an independent executor or otherwise, or a necessity exists therefor, the district court has no original jurisdiction to decree a partition or distribution of the estate among the heirs or beneficiaries. Section 16, Article 5, Texas Constitution, Vernon's Ann.St.; Art. 3290, Vernon's Ann.Tex. Civ.St.; O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060; Boyle v. Paul, 126 Tex. 242, 86 S.W.2d 744; Redditt v. Quinn, Tex. Civ.App., 215 S.W.2d 367, and cases cited.

It is held, however, that notwithstanding the pending administration or the existence of a necessity therefor, the District Court has jurisdiction to determine questions affecting the estate which the powers of the probate court are inadequate to determine. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563.

■ The controlling issues raised by the pleadings in this controversy involve the validity of the two deeds from Hattie Milner to appellees. An affidavit had been placed of record in appellant's behalf reciting and claiming fraud and misrepresentation by appellees in obtaining the second of the two deeds. Appellees sought in this suit to remove the cloud to their title by reason of such affidavit and claim of fraud. The probate court was without power to determine these issues. Jurisdiction to determine issues of title to real estate rests in the district court alone. Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980; Hickman v. Stone, 69 Tex. 255, 5 S.W. 833; Winston v. Griffith, Tex.Civ. App., 108 S.W.2d 745, affirmed 133 Tex. 348, 128 S.W.2d 25; Johnston v. Stephens, 121 Tex. 374, 49 S.W.2d 431; 13 Tex.Jur. 611.

■ The determination by the district court of issues of this nature which are beyond the power of the probate court does not destroy that court's jurisdiction of the administration of an estate. The probate court is, in such cases, required in the administration of the estate, to recognize and

effectuate the judgment of the district court. Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049; Jordan v. Garcia, Tex.Civ.App., 197 S.W.2d 873; Higginbotham v. Davis, Tex.Civ.App., 221 S.W.2d 290; Griggs v. Brewster, supra.

█ In other points appellant attacks the jurisdiction of the court and urges in the alternative that she was entitled to an instructed verdict because appellee did not have such right of possession as would support an action in trespass to try title since, under the circumstances, appellant, as executrix, was entitled to the possession of the property of the estate during administration. See Art. 3314, Vernon's Ann. Tex.Civ.Statutes. These points are also overruled. The suit was not only in trespass to try title; appellees also sought the equitable relief of removing the cloud from their title by reason of the recorded affidavit to the effect that the April 6th deed was obtained by fraud. Possession in the plaintiff is not necessary to maintain such a suit. Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032; Texan Development Co. v. Hodges, Tex. Civ.App., 237 S.W.2d 436.

In several points appellant contends that the court erred in overruling pleas in abatement and to the jurisdiction of the court because of the absence of necessary parties. The parties which appellant claims to be necessary are J. G. Whatley, father of C. B. Whatley, deceased, Minnie Whatley, widow of C. B. Whatley, deceased, Hawkins and Dean, attorneys of record for appellees and numerous oil and gas lease holders, mineral owners and mortgagees.

█ J. G. Whatley and Minnie Whatley are parties defendant to this suit by reason of their purported claims of an interest in the land. Their claims are antagonistic to both appellant and appellees who have a common interest in the defeat of such claims. J. G. Whatley and Minnie Whatley, however, are not concerned in and are not necessary parties to this controversy between appellees and Hattie Milner, in-dividually and as independent executrix, because entirely different and distinct causes of action, based upon different facts are involved. Appellees' claim is through appellant as grantor and covers the three sections of the land here involved. The issues involved in this controversy are not connected with the issues involved in the claim of J. G. Whatley to the two sections which he contends were acquired from him by the fraud of C. B. Whatley or with the claim of Minnie Whatley, the surviving wife of C. B. Whatley, to a homestead interest in the land. The court did not abuse its discretion in severing the portion of the suit including the controversy between appellant and appellees and trying it separately. Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438.

█ The interest claimed by Hawkins and Dean was not shown to be based upon a written assignment of an interest in appellees' cause of action. It is shown by the evidence to be only the interest of an attorney with a contingent fee, an interest in whatever their client might recover. They were not necessary parties. In addition they were so identified with the proceedings in the trial of the case as to be bound by the judgment and appellant could not be hurt by their absence as formal parties. 5 Tex.Jur. 515; Galveston, H. & S. A. Ry. Co. v. Brassell, Tex.Civ.App., 186 S.W. 428.

█ The contention that the court erred in overruling appellant's plea in abatement complaining of the absence of mortgagees as parties to the suit is untenable. In a suit involving title to land a mortgagee not in possession and whose rights are not prejudiced or affected is not a necessary party. Booty v. O'Connor, Tex.Civ.App., 13 S.W. 2d 220; Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22.

█ Oil and gas leaseholders and holders of mineral interest in the land are likewise not necessary parties to this suit. Their rights to and interests in the land were not questioned. There is no showing

that the controversy between the parties thereto, together with the issues involved could not be fully litigated in their absence. The interests of such mineral and lease-holders are not affected by the judgment rendered. This is particularly true in view of the fact that the pleadings and judgment are especially limited to the surface of the land and did not cover the mineral interest therein. We are also of the opinion that the court did not err in refusing to require appellees to prosecute their suit as to the mineral estate in the land along with the surface. It is held that an action may be maintained for an estate in land less than fee simple. 41-A Tex.Jur. 522. There was nothing to prevent appellant from bringing the mineral interest into the case by affirmative pleading if she had desired.

■ We cannot agree with appellant's contention that the deed dated April 6, 1954, from Hattie Milner to appellees was void for lack of consideration. The deed itself recited as consideration therefor that appellees executed and delivered to appellant their vendor's lien note in the amount of $2,200. The evidence shows that the note was executed and delivered to appellant; that at the time appellees were not liable to appellant for any amount but that appellant held a check on C. B. Whatley, deceased, for $2,000. The fact that the $2,200 note was non-negotiable does not impair appellees' liability thereon.

At the time of the execution of the deed and the vendor's lien note on April 6, 1954, the following letter was also signed by the parties:

"Miss Hattie Milner
Lubbock, Texas

"Dear Miss Milner:

"You have today conveyed to us by your Warranty Deed Sections No. 504 and 505, and 506, Block No. 97, of the H. & T. C. Ry. Co. Surveys, in Scurry County, Texas, and we have today given to you our promissory vendor's lien note, in your favor, dated today, for the sum of $2,200 without interest payable at the West Texas State Bank in Snyder, Texas, due on the —— day of ————, 1954. The deed recites the note and the note recites the deed.

"With respect to said transaction we have agreed together, notwithstanding said note and deed as follows, to-wit:

"1. We will diligently try to clear the title to said land from the claims of Minnie Whatley, widow of C. B. Whatley, and J. G. Whatley, father of C. B. Whatley, at our own expense.

"2. If and when we succeed in so clearing the title to said land we will, as soon as we can borrow money on or sell said land, pay said note, whether the due date of same shall have arrived or not.

"3. If, notwithstanding such efforts, we shall not have succeeded in so clearing such title when said note falls due, you will not expect payment of said note until we shall have had a reasonable time after so clearing such title within which to sell or mortgage said land.

"4. The West Texas State Bank is hereby authorized to deliver to us or our attorneys all papers now held by it in escrow for you and us in connection with the above described. In this connection you and we release said Bank from any and all liability in connection with its handling of said escrow.

"5. This instrument is executed in triplicate, with your approval hereon, one copy to be delivered to said Bank upon its release of said escrow papers as herein authorized and directed.

"If this is in accord with your understanding, please so signify by signing the enclosed copy of this letter and return same to us for our file.

> "Yours truly,
>
> /s/ D. B. Whatley
> D. B. Whatley
>
> /s/ Ruth Whatley
> Ruth Whatley

"Approved and Agreed to this the 6th day of April, 1954
/s/ Hattie Milner
Hattie Milner."

■ Appellant urges lack of consideration for the deed because of the language of the above agreement, which was in effect that notwithstanding the provisions of the deed and note, appellees were not obligated to pay the note unless and until they cleared the title to and were able to sell or secure a loan on the land. Appellant contends that such uncertain conditions to appellees' liability on the note destroy the consideration. This contention is overruled. The agreement further provided in effect that appellees would litigate at their own expense the claim of J. G. Whatley to the title to two of the sections and the claim of Minnie Whatley to a homestead interest in the other section. This agreement by appellees under the circumstances constituted a valuable consideration for execution of the deed. The outcome of the litigation concerning the claims of J. G. Whatley and Minnie Whatley was of importance to Hattie Milner. C. B. Whatley's estate was burdened with an indebtedness in excess of $20,000. Appellant's chance of realizing anything from the estate, or on her claim by reason of the $2,000 check she held on C. B. Whatley was jeopardized by such claims and the litigation concerning them. Appellees were under no obligation to assume the responsibility of this litigation and the fact that they did so was a burden to them as well as a possible advantage to the appellant.

Special issues 2 and 3 of the court's charge and the jury's answers thereto are as follows:

"Special Issue No. 2. Do you find from a preponderance of the evidence that L. D. Hawkins, represented to Hattie Milner that the deed of April 6, 1954, was not a deed before she signed it? Answer: 'He did so represent' or 'he did not so represent.'

"Answer: He did not so represent.

"Special Issue No. 3. Do you find from a preponderance of the evidence that Hattie Milner believed and relied on such representations, if any, in signing the deed of April 6, 1954? Answer 'She did' or 'She did not.'

"Answer: She did."

■ It is contended by appellant that the judgment cannot stand because the answers to special issues 2 and 3 are in conflict in that the jury found in the one instance that appellees' attorney, L. D. Hawkins, did not represent to Hattie Milner that the deed of April 6, 1954 was not a deed before she signed it, and in answer to special issue 3, found that Hattie Milner believed and relied upon such representation which was in effect a finding that L. D. Hawkins did make the representation. A judgment should not be set aside because of an apparent conflict in answers made by the jury unless the findings are in direct and irreconcilable conflict. If there is such a conflict on a matter material to the judgment the judgment cannot stand. However, it is the duty of the court to reconcile apparent conflicts if possible; and where the findings considered as a whole admit of more than one reasonable construction, the court has the power and should apply the construction under which there is no conflict. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Texas Indemnity Ins. Co. v. Bridges, Tex. Civ.App., 52 S.W.2d 1075 (Err. Ref.); Porter v. Polis, Tex.Civ.App., 169 S.W.2d 216 (Err. Ref.).

■ Before it can be said that there is a direct and irreconcilable conflict in the answers to the special issue it must appear that the answer to special issue 3 constituted a finding that L. D. Hawkins did represent to appellant before she signed the deed on April 6, 1954, that such instrument was not a deed. In our opinion the answer cannot be held to constitute such a finding. The finding was that she "believed and relied on such representation, if any." The "such representations" inquired about in issue 3 no doubt referred to the representation inquired about in special issue 2, but the words, "if any", indicate a condi-

tion which is also tied to and must be considered in connection with special issue 2 and the answer thereto. When so considered, it appears that the effect of the answer to special issue 3 is that appellant believed and relied upon representations which were never made. The jury having found in answer to special issue 2 that the representation was not made, the answer to special issue 3 to the effect that she relied upon "such representations, if any" was meaningless and can be given no effect. In any event it is our opinion when the issues are considered together, that the answer to special issue 3 cannot be held to be a finding that L. D. Hawkins made the representations which the answer to special issue 2 found he did not make. It is not, therefore, a finding in direct and irreconcilable conflict with the specific finding in answer to special issue 2 which would require a mistrial.

■ Appellant contends that there is no evidence to support the finding of the jury in answer to special issue 2 to the effect that L. D. Hawkins did not represent to her before she signed the deed of April 6, 1954, that such instrument was not a deed, and that the court, therefore, erred in overruling her motion for a new trial. In support of this contention she urges that the effect of Hawkins' testimony is that when he went to Lubbock and secured the deed from appellant Hattie Milner that "he went after the legal title only", thereby implying that he was leaving in her the equitable title and that the instrument in question was purely for the purpose of showing record legal title in appellees for use in the law suit against J. G. Whatley. This contention is not supported by the evidence. Hawkins testified that he told appellant he was after the legal title; that by virtue of the escrow papers in the bank the Whatley children had only an equitable title and that in his opinion they needed a legal title that could be placed of record for use in the suit which they had agreed to prosecute against J. G. Whatley. The admitted statements by L. D. Hawkins to appellant do not amount to a representa-

tion that the deed of April 6, 1954, was not a deed.

■ Special issue 4 inquired if at the time of the transactions between the parties on April 6, 1954, that "plaintiffs (appellees) no longer relied upon the deed and bill of sale dated February 1, 1954, and placed in escrow." The jury found that appellee "did rely thereon." Appellant urges that there is no evidence to support this finding, or at least that it is not supported by sufficient evidence and is so against the great weight of evidence as to be manifestly wrong. She contends that the court therefore erred in overruling her motion for a new trial. We cannot agree with this contention. On April 6, 1954, and in connection with the transaction on that date, both appellant and appellee signed the letter above set out in which the Snyder Bank was directed to deliver to appellees all papers held by it in escrow. The instrument referred to as a deed and bill of sale dated February 1, 1954, was among these escrow papers. The evidence shows that in compliance with this direction the Bank did deliver such papers including the deed and bill of sale to appellees. This was in effect a delivery of such instrument to appellee and does not show that it was the intention of the parties to abandon the instrument. The point is overruled.

■ Appellant complains of the failure of the court to submit requested special issues inquiring (1) whether L. D. Hawkins told her that the papers she signed did not include a conveyance; (2) whether he made the representation to get her to sign the deed relied upon by appellees; (3) whether appellant would have signed the deed if she had known it was a conveyance, and (4) whether appellees, after the transaction of April 6, 1954, no longer relied on the bill of sale dated February 1, 1954. The matters inquired about in these requested special issues were covered in the court's charge or presumed as a matter of law from what was submitted to and found by the jury. Points complaining of

the refusal of such requested special issues are overruled.

■ Appellant presents numerous points complaining of the action of the court in overruling objections to the court's charge. It is urged that in submitting special issues 1 and 2 which inquired (1) whether appellant read the deed of April 6, 1954, before she signed it, and (2) whether L. D. Hawkins represented to appellant that such deed was not a deed before she signed it, that the court erred in singling out the deed of April 6th and in not submitting for the consideration of the jury other instruments of the same date. These points are not well taken. The court properly submitted these issues to the jury in the manner and under the theory presented by the pleadings and evidence. This suit was brought by appellees to remove the cloud on their title by reason of appellant's claim that the deed of April 6th was obtained by fraudulent representations to her that the instrument was in fact not a deed. Appellant's contention and claim as shown by her pleadings and conduct of the case, also singled out the deed of April 6th. She alleged misrepresentations by L. D. Hawkins concerning the deed which she claims to have relied upon as a basis for setting it aside. She has not sought to disturb the other instruments executed on the same date as the deed and as a part of the same transaction. The court did not err in so submitting these issues to the jury.

■ In its charge and special issues submitted to the jury the court referred to "the deed of April 6, 1954." We overrule points in which it is contended that the court erred and in effect commented upon the weight of the evidence in referring to such instrument as a deed. The instrument by its terms and on its face was a deed. The issue presented by the pleadings and evidence is not whether the instrument was a deed but whether it was void by reason of fraud or lack of consideration.

The judgment of the trial court is affirmed.