Theron W. KING, Appellant,

v.

AETNA CASUALTY & SURETY COMPANY, Appellee.

No. 6800.

Court of Civil Appeals of Texas.

Beaumont.

June 23, 1966.

Waldman & Smallwood, Beaumont, for appellant.

King, Sharfstein & Rienstra, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workmen's Compensation Act in which plaintiff sought recovery for total and permanent disability. Judgment was rendered for defendant upon the answers of the jury to the special issues. The parties will be referred to here as they were in the trial court.

The jury found: That plaintiff sustained an injury. That such injury was accidental. That such injury was not sustained in the course and scope of his employment. That plaintiff's disability was solely caused by the disease of arteriosclerosis, or bronchitis, or a combination of the two.

Plaintiff urges first that there was no evidence to support the findings of the jury that plaintiff's injury was not sustained in the course of his employment and that his disability was solely caused by the disease of arteriosclerosis, or bronchitis, or a combination of the two. In passing upon these points we consider only the evidence favorable to such jury findings.

The evidence showed: Plaintiff became sick while working as an ironworker on his job, had cold chills and then sweating. That the onset of sickness came about 11:00 in the morning of a hot day, July 5, 1961. That plaintiff vomited and went to first aid. That pains hit him while he was lying in bed at the first aid station under the left shoulder and then around in front. Plaintiff was taken to the hospital and was given an electrocardiogram, and it was established that he had suffered a heart attack. It is plaintiff's contention that this heart attack was brought on because of the fact that plaintiff over-exerted himself on his job while in the hot sun and suffered a heat stroke and exhaustion. Defendant contends that there was no connection between the heart attack and plaintiff's employment.

The following evidence supported the finding of the jury: Dr. Thomas Lombardo, the only cardiologist testifying in this case, gave the following evidence: That plaintiff had suffered a coronary thrombosis or a heart attack. That the medical term defining plaintiff's condition was arteriosclerotic coronary artery disease with recent diaphragmatic infarction. That plaintiff also had chronic sinusitis with chronic bronchitis and bronchial spasm. That the onset of a heart attack is a variable thing which generally occurs without warning and more commonly when the patient is sleeping. That the plaintiff's work had nothing to do with his illness which originated from natural causes. That the heat and the exertion did not aggravate nor precipitate this heart attack. That Dr. Lombardo had not been employed by defendant, but had been called into the case by plaintiff's family physician for the purpose of treating plaintiff. That when plaintiff made application for disability payments July 12th, 1961, his statement showed that his disability was not in any way connected with his employment. That following such application plaintiff received, endorsed and cashed nine disability checks which each certified that the disability was not connected with his employment. Such checks covered a period of time from July 1961 until November 19, 1961. That plaintiff signed a written notice of injury and claim for workmen's compensation November 20, 1961. That plaintiff returned to work in January 1962 for a different employer and worked on various construction jobs to the date of this trial. The points are overruled.

Plaintiff also urges a series of points that such findings of the jury were supported by insufficient evidence, and were contrary to the great weight and preponderance of the evidence. We consider the entire record in passing upon these points. Plaintiff called two doctors to testify in person, and a third by deposition. All three of these doctors expressed the opinion that the heart attack suffered by plaintiff was produced by the heat exhaustion and the over-exertion. Plaintiff testified: That the day of his injury was very hot, and the records of the weather bureau showed the temperature to be 95 in the sun and 91 in the shade. That he was 52 years of age. That plaintiff's crew was one man short in doing the work they were called on to perform at the time of his injury. Such testimony was corroborated by a fellow employee. All of this testimony did no more than raise issues for the jury to determine, which it did adversely to the plaintiff. We do not find such answers by the jury to be so contrary to the weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. The points are overruled.

Judgment affirmed.