Richard C. WEIGLE, Appellant,

v.

GREAT AMERICAN INSURANCE CO., Appellee.

No. 7875.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1968.

Miller, Sanders, Baker & Miller, Amarillo, Robert R. Sanders, Amarillo, of counsel, for appellant.

Simpson, Adkins, Fullingim & Hankins and Michael C. Musick, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case. Judgment was rendered for defendant upon the answers of the jury to special issues. From that judgment the plaintiff perfected this appeal. The parties will hereinafter be referred to as they were in the trial court.

The jury found in answer to Special Issue 1 that the plaintiff did not sustain an accidental injury to his body as a result of emotional strain or exertion on or about August 2, 1965; in answer to Issue 8(a) that plaintiff was physically or mentally incapacitated on the date of his injury, if any, to file a claim for compensation and in answer to Issue 8(b) that such incapacity, if any, was removed on August 28, 1965 and in answer to Issue 10 that plaintiff's incapacity, if any, was not solely caused by a prior injury or disease existing before August 2, 1965, independent of and not aggravated by an injury, if any, sustained by him on or about August 2, 1965.

It was plaintiff's contention that he was exposed to an unusually great amount of emotional stress and strain on August 2, 1965, and because of this stress and strain he suffered a heart attack on August 3, 1965.

It was defendant's contention that plaintiff was suffering from coronary sclerosis or arteriosclerosis, a disease of the arteries that built up over a long period of time and that that disease finally resulted in a coronary occlusion.

It is plaintiff's contention by his first and second points of error that there was no evidence to support the findings of the jury that the plaintiff did not sustain an accidental injury to his body as a result of emotional stress or exertion, and that such finding was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. Although we doubt the plaintiff has properly presented the question of no evidence, we have considered the point and overrule it. We have considered all of the evidence introduced on the trial in connection with plaintiff's point that the findings of the jury

were so against the overwhelming weight and preponderance of the evidence to be clearly wrong and we think the evidence sustains the jury's findings. King v. Aetna Casualty and Surety Co., Tex.Civ.App., 405 S.W.2d 111.

Besides other testimony introduced the following evidence was presented to the jury. The plaintiff testified this job he was on here involved was strictly a pressure job from the word go; that he was not only under stress on his job but was at home also; that he always suffered such headaches on delinquent days and because of the fact that his immediate supervisor called him and informed him he was not getting the job done, and asked him if he wanted to resign, and informed him that he could be replaced, and that that really *bugged* him (emphasis ours) and that was the reason he went to see Dr. Flamm in March, 1965; that he went to see Dr. Flamm in March, 1965, because he knew there was something wrong with him.

Dr. Flamm, plaintiff's treating physician, testified that he saw plaintiff on August 3, 1965, and treated him for coronary occlusion but that he did not know the cause of the occlusion, but there had been built up cholesterol within the arteries leading to the heart, and subsequent breaking off of this cholesterol built up over a period of time is known as the disease of arteriosclerosis or coronary sclerosis and is caused by many factors such as diet and lack of exercise; and that plaintiff had symptoms of this condition prior to August 3, 1965, because he had suffered from angina pectoris or heart pains sometime prior to that date. We overrule plaintiff's first and second points of error.

The jury found in answer to Special Issue 8(a) that plaintiff was physically or mentally incapacitated on the date of his injury, if any, to file a claim for compensation. In answer to Special Issue 8(b) the jury found that the physical or mental incapacity, if any, was removed on August 28, 1965. These issues were submitted in connection with whether the plaintiff presented his claim for compensation in time as required under Art. 8307, Sec. 4a of the Workmen's Compensation Act.

By plaintiff's points of error three and four it is contended there is no evidence to support the finding of the jury in response to Special Issue 8(b) and that the finding in response to Special Issue 8(b) was against the overwhelming weight and preponderance of the evidence to be clearly wrong. It is undisputed that the plaintiff did not file a claim for compensation within the period of time as required after the incapacity was removed, and it is admitted that the plaintiff was discharged from the hospital on August 28, 1965, as found by the jury as to when the incapacity was removed. There is no evidence to show good cause as to why the claim was not filed. It is stated in Travelers Insurance Company v. Strech, Tex.Civ.App., 416 S.W. 2d 591 as follows:

"Ordinarily the question of whether a claimant has used the degree of diligence necessary to excuse him from filing a claim with the Board within the time prescribed by the statute is one of fact, and it is held that to maintain a claim filed after the expiration of such period, the claimant must prove that good cause for failure to file the claim continued up to the date of filing. Texas Casualty Insurance Company v. Beasley, 391 S.W. 2d 33 (Sup.Ct.1965); Hartford Accident and Indemnity Co. v. Hardin, 252 S.W. 2d 752 (Tex.Civ.App.1952, error refused)."

It is plaintiff's contention this case should be reversed because there is irreconcilable conflict in the findings of the jury in response to Special Issues 1 and 10. Bearing in mind that the jury found in answer to Issue 1 that the plaintiff did not sustain an injury on August 2, 1965, and Issue 10 was based upon a finding of injury, *if any*, (emphasis ours) and if no injury occurred, there would be no conflict.

It was held in Milner v. Whatley, 282 S.W. 2d 903 (n. r. e.) as follows:

"It is contended by appellant that the judgment cannot stand because the answers to special issues 2 and 3 are in conflict in that the jury found in the one instance that appellees' attorney, L. D. Hawkins, did not represent to Hattie Milner that the deed of April 6, 1954 was not a deed before she signed it, and in answer to special issue 3, found that Hattie Milner believed and relied upon such representation which was in effect a finding that L. D. Hawkins did make the representation. A judgment should not be set aside because of an apparent conflict in answers made by the jury unless the findings are in direct and irreconcilable conflict. If there is such a conflict on a matter material to the judgment the judgment cannot stand. However, it is the duty of the court to reconcile apparent conflicts if possible; and where the findings considered as a whole admit of more than one reasonable construction, the court has the power and should apply the construction under which there is no conflict. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Texas Indemnity Ins. Co. v. Bridges, Tex.Civ. App., 52 S.W.2d 1075 (Err.Ref.); Porter v. Polis, Tex.Civ.App., 169 S.W.2d 216 (Err.Ref.).

"Before it can be said that there is a direct and irreconcilable conflict in the answers to the special issue it must appear that the answer to special issue 3 constituted a finding that L. D. Hawkins did represent to appellant before she signed the deed on April 6, 1954, that such instrument was not a deed. In our opinion the answer cannot be held to constitute such a finding. The finding was that she 'believed and relied on such representation, if any.' The 'such representations' inquired about in issue 3 no doubt referred to the representation inquired about in special issue 2, but the words, 'if any', indicate a condition which is also tied to and must be considered in connection with special issue 2 and the answer thereto. When so considered, it appears that the effect of the answer to special issue 3 is that appellant believed and relied upon representations which were never made. The jury having found in answer to special issue 2 that the representation was not made, the answer to special issue 3 to the effect that she relied upon 'such representations, if any' was meaningless and can be given no effect. In any event it is our opinion when the issues are considered together, that the answer to special issue 3 cannot be held to be a finding that L. D. Hawkins made the representations which the answer to special issue 2 found he did not make. It is not, therefore, a finding in direct and irreconcilable conflict with the specific finding in answer to special issue 2 which would require a mistrial."

We have carefully considered all plaintiff's assignments of error and overrule all of them. Judgment of the trial court is affirmed.