Billy R. PEEPLES, Appellant,

v.

The HOME INDEMNITY COMPANY, Appellee.

No. 16463.

Court of Civil Appeals of Texas, San Antonio.

April 8, 1981.

Rehearing Denied May 6, 1981.

John Vick Putman, Putman & Putman, San Antonio, for appellant.

David Stephenson, Clark & Stephenson, San Antonio, for appellee.

OPINION

KLINGEMAN, Justice.

This case involves a claim under the Workers' Compensation Act by an injured worker for psychiatric treatment rendered him which was allegedly a reasonable and necessary medical expense arising from an injury to his knee. Billy R. Peeples, the claimant and appellant here, suffered an injury to his knee in the course of his employment with Friedrich Refrigeration. He brought a claim against Home Indemnity Company, the carrier for appellant, for compensation for his injury and for reasonable and necessary medical expenses. Home Indemnity brought this suit to set aside the award of the Industrial Accident Board and Peeples filed a cross-action for a lump sum for his injury and for reasonable and necessary hospital, medical and doctor expenses. Trial was to a jury who awarded appellant workers' compensation but refused to make an award for the psychiatric treatment here involved.

This appeal is limited to the trial court's failure to admit certain testimony pertaining to the reasonableness and necessity of the psychiatric treatment, and to the jury's answers to special issues regarding the reasonableness and necessity of such psychiatric treatment. The jury found that the psychiatric treatment here involved was not reasonably required as a result of the leg injury and as a consequence of such finding, did not answer the special issue inquiring as to the reasonable costs for such medical care. This appeal does not involve the award of workers' compensation made to the claimant.

After Peeples' injury, he was diagnosed and treated by Dr. Lorence W. Trick, an orthopedic surgeon who ultimately performed surgery on the injured knee. Dr. Trick treated Peeples for some period of time and testified as to the nature and extent of the injury and of his treatment in connection therewith. The psychiatrist's treatment here involved was rendered by Dr. George Schlagenhauf after Peeples had been referred to him by Dr. Trick. Dr. Schlagenhauf testified in some detail as to his treatment, but portions of his testimony were excluded by the trial court after an objection by appellee. This testimony is in the record by a bill of exceptions.

In its points of error, appellant complains that (a) the trial court erred in excluding the proffered testimony of Dr. Schlagenhauf relating to the nature of the treatment of appellant in order that the jury could understand the reasonableness and necessity of such treatment, and (b) the jury's finding that the medical care by Dr. Schlagenhauf was not reasonably required as the result of claimant's injury is either supported by no evidence, or factually insufficient evidence, or such was against the great weight and preponderance of the evidence. We have concluded that (a) the trial court erred in not admitting the objected to testimony of Dr. Schlagenhauf and (b) the jury's answer to special issue number thirteen [1] is against the great weight and preponderance of the evidence. We reverse and remand the case here on appeal for a new trial.

Appellee contends that Dr. Schlagenhauf's testimony was properly excluded because it was not supported by the pleadings. Appellant argues that the excluded testimony of Dr. Schlagenhauf was necessary, not to recover for psychiatric injuries, but to establish the necessary nature of the treatment and its natural relationship to appellant's loss of the use of his leg.

█ The Workers' Compensation law provides that all medical services reasonably required to cure and relieve from the effects naturally resulting from an injury shall be furnished. Tex.Rev.Civ.Stat.Ann. art. 8306, § 7 (Vernon Supp. 1980–1981); *Hartford Accident & Indemnity Co. v. Thurmond*, 527 S.W.2d 180 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n. r. e.). The claimant's right to recover for physician and hospital bills paid is dependent on a showing that they were reasonable and nec-

---

1. In answer to special issue no. 13, the jury found that medical care by Dr. Schlagenhauf was not reasonably required as a result of such injury.

essary. *See Select Insurance Co. v. Patton,* 506 S.W.2d 677 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Aetna Casualty Insurance & Surety Co. v. Jennusa,* 469 S.W.2d 423 (Tex.Civ.App.—Beaumont 1971, no writ); *Bituminous Casualty Co. v. Whitaker,* 356 S.W.2d 835 (Tex.Civ.App.—Eastland 1962, no writ); 63 Tex.Jur.2d 178, Workmen's Compensation (1965).

During Dr. Schlagenhauf's testimony as to the nature and extent of his psychiatric treatment of Peeples, counsel for appellant attempted to question Dr. Schlagenhauf as to his diagnosis after the psychiatric examination. Appellee objected to such testimony on the basis that there were no pleadings to support this type of testimony. Such objection was sustained by the trial court:

Appellant had the right to present evidence as to the reasonableness and necessity of medical treatment, including psychiatric treatment. The record clearly shows that appellant stated this was the reason for the offer of Dr. Schlagenhauf's excluded testimony. Appellee's objection to such testimony that there were no pleadings to support such testimony is unwarranted. The pleadings specifically seek recovery of necessary medical and hospital expenses in connection with the injury. The appellant was not attempting to recover for an unpleaded psychiatric injury as appellee urges but was attempting to recover reasonable and necessary expenses in connection with the injury to the knee, which was pleaded. The trial court erred in excluding the objected to testimony.[2]

Appellant's other points of error complain of insufficiency of the evidence to support the jury's answer to special issue number thirteen. In determining "no evidence" points of error, we must consider only the evidence favorable to the answer to the special issue and disregard all evidence which is adverse to the favorable finding. *Renfro Drug Co. v. Lewis,* 149

Tex. 507, 235 S.W.2d 609 (1950). In determining insufficient evidence assignments we will consider and weigh all of the evidence, both supporting and contrary to the verdict, and sustain the challenge if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust, even though there is some evidence of probative force in support of the verdict. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Select Insurance Co. v. Patton, supra; King v. Aetna Casualty & Surety Co.,* 405 S.W.2d 111 (Tex.Civ.App.—Beaumont 1966, no writ).

Dr. Schlagenhauf testified that appellant was referred to him by Dr. Trick for psychiatric treatment. He testified that he did not make a physical examination of Peeples but performed a psychiatric exam. He stated that Peeples gave him a history of such knee injury, including the fact that Peeples continued to have pain and a lack of confidence in his knee and leg and that he had become irritated, depressed and frustrated. Dr. Schlagenhauf testified that in his opinion the treatments he gave appellant were necessary for the condition that arose out of the accident in which appellant injured his knee. He stated that he saw Peeples thirteen times and his bill was admitted as an exhibit over objection. Such bill was in the amount of $755, on which there is a balance due of $455. Dr. Schlagenhauf further testified as to his hourly charges and the number of hours worked by him, and that the bill for $755 for services rendered by him was a reasonable and customary charge in Bexar County, Texas, and was necessary for the treatment of the claimant.

By a bill of exceptions, Dr. Schlagenhauf testified as to his diagnosis. He stated that Peeples suffered from depression, which is a well-recognized psychiatric diagnosis. He stated that Peeples was irritable and had sleep disturbances, which are associated

---

**2.** Appellee asserts that if it was an error to exclude such testimony, it was harmless error. In view of our holding that the jury's answer to special issue no. 13 is against the great weight and preponderance of the evidence, which will require a remand, we do not deem it necessary to discuss harmless error.

with depression. Dr. Schlagenhauf stated that from what he had heard and seen, Peeples was not able to use his leg as well as he had previously, that he complained of considerable pain in his leg, that this led eventually to his being more irritable and depressed, and that he lost a lot of confidence in his ability to do a variety of things. While this excluded testimony does not add a great deal to Dr. Schlagenhauf's testimony that was admitted without objection, a medical doctor's diagnosis is routinely admitted, and we see no reason not to allow a psychiatrist to testify as to his diagnosis.

Even if we do not consider the excluded testimony, the jury's answer to special issue no. 13 is still against the great weight and preponderance of the evidence. The only testimony as to the reasonableness and necessity of such treatment was by Dr. Schlagenhauf. He testified that the treatment he gave Peeples was necessary as a result of the injury to his knee and that it was necessary for that injury. There is no medical testimony to the contrary. The only other medical testimony was by Dr. Trick, who did not testify as to the necessity or reasonableness of the psychiatric treatment. However, the fact that Dr. Trick, the attending doctor, referred the appellant to Dr. Schlagenhauf for psychiatric treatment is some indication that he thought such treatment was necessary. The testimony is uncontradicted that the medical bill for such medical treatment was $775 on which there is a balance due of $455. There is no contention made that such charges are not reasonable.

Even with the absence of the excluded testimony to establish the exact nature of Peeple's psychiatric condition, the uncontradicted evidence before the jury, taken together with the record as a whole, shows that the medical expenses here involved were both reasonable and necessary and naturally resulted from the compensable injury sustained by the claimant.

Because of the errors hereinabove discussed, the judgment of the trial court, as to the matters here on appeal, is reversed and remanded for a new trial.